

**MICHAEL J. DIAMONDSTEIN, P.C.**
ATTORNEY AT LAW
Members of PA & NJ Bars

MICHAEL J. DIAMONDSTEIN
JASON JAVIE

March 23rd, 2017

**VIA EMAIL ONLY**
The Honorable Paul S. Diamond
U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1797

Re:   **U.S. v. Rufus Seth Williams**   17-CR-137

Dear Judge Diamond:

As the Court is aware, my office took the unusual step of filing a limited appearance for the Initial Appearance only on the instant matter. While I am aware that limited appearances are generally disfavored in the Eastern District of Pennsylvania, due to the unique nature and circumstances of this case, I believed that ethically it was the appropriate step. Mr. Williams' prior attorney – who had been handling this matter pre-indictment – was contractually unable to represent Mr. Williams once he was indicted. Thus, in order to facilitate moving Mr. Williams' matter forward, under extremely tight time constraints, I agreed to negotiate the pre-trial release conditions for his Initial Appearance.

Moving forward, I do not believe that I can represent Mr. Williams so long as he is the sitting District Attorney. Putting aside the issue of whether Mr. Williams can afford to be represented by private counsel, the nature of my criminal practice would make continuing on as counsel for the sitting District Attorney of Philadelphia too challenging. I have had numerous conversations with the Honorable Leon W. Tucker, Supervising Judge, Criminal, Court of Common Pleas and Kathleen E. Martin, Acting First Assistant District Attorney. Due to the effect this issue has on the Philadelphia Court of Common Pleas, I have included Judge Tucker and Ms. Martin on this letter.

I am in the process of consulting with an ethics attorney and it is conceivable that I could receive a formal ethics opinion that allows the representation. However, because of the unique nature of this case, I don't know whether a formal ethics opinion letter would suffice.

I will, of course, appear at the conference on Tuesday if the Court believes that it is appropriate. However, as indicated above, I do not expect that I will be able to enter my appearance moving forward.

Respectfully submitted,

MICHAEL J. DIAMONDSTEIN

cc:   The Honorable Leon W. Tucker **VIA EMAIL ONLY**
      Vineet Gauri, AUSA **VIA EMAIL ONLY**
      Kathleen E. Martin, Acting First Assistant District Attorney **VIA EMAIL ONLY**

2 Penn Center • Suite 900 • 15th & John F. Kennedy Blvd. • Philadelphia, PA 19102 • 215-940-2700 • Fax: 215-940-2701

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | No. 17-CR-137 |
| RUFUS SETH WILLIAMS | : | |

ORDER

AND NOW, this _____ day of _____, 2017, upon consideration of Mr. Williams' motion to seal, it is hereby ORDERED and DECREED that said motion is GRANTED and that the letter from Michael J. Diamondstein, dated March 23rd, 2017 shall be filed under seal.

By the Court:

_____
J.

1

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | No. 17-CR-137 |
| RUFUS SETH WILLIAMS | : | |

## MOTION TO SEAL

1. Michael J. Diamondstein entered a limited appearance for the Initial Appearance only in in the above-captioned matter.

2. Mr. Williams was represented by John Pease, Esquire from the initiation of the Government's investigation of Mr. Williams.

3. Said representation was paid for by the City of Philadelphia.

4. The nature of the agreement indicated that if Mr. Williams was charged with a crime that the City would no longer pay Mr. Williams' legal fees.

5. When Mr. Williams was indicted, Mr. Pease could no longer represent Mr. Williams.

6. Undersigned counsel agreed to represent Mr. Williams for the initial appearance only.

2

7. Because of the nature of undersigned counsel's work, a limited appearance was the only means through which he could effectuate the representation.

8. Because the factual averments and information contained herein and in the above referenced letter are extremely sensitive and confidential, Mr. Williams respectfully seeks leave of Court to file the same under seal.

9. In our judicial system, there is a presumption in favor of public access to judicial records:

> We have previously noted that, "[i]t is well-settled that there exists, in both criminal and civil cases, a common law public right of access to judicial proceedings and records." Goldstein v. Forbes (In re Cendant Corp.), 260 F.3d 183, 192 (3d Cir.2001); see also United States v. Criden, 648 F.2d 814, 819 (3d Cir.1981) ("[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents.") . . . .
>
> In general, the common law right attaches to any document that is considered a "judicial record," which "depends on whether [the] document has been filed with the court, or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings." Goldstein, 260 F.3d at 192; see also United States v. Martin, 746 F.2d 964, 968 (3d Cir. 1984) ("The common law right of access is not limited to evidence, but rather encompasses all judicial records and documents. It includes transcripts, evidence, pleadings, and other materials submitted by litigants ....") (citation and internal quotation marks omitted).

United States v. Wecht, 484 F.3d 194, 207-08 (3d Cir. 2014).

10. Nevertheless, the presumption of public access is not absolute. See, e.g., Nixon v. Warner Communications, Inc., 435

3

U.S. 589, 598 (1978) ("It is uncontested . . . that the right to inspect and copy judicial records is not absolute."). As the Third Circuit has explained:

> The public's common law right to access judicial records "is not absolute." Littlejohn, 851 F.2d at 678. Instead, when the right exists, there is a "strong presumption" that the public may view the records. See, e.g., Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs., 800 F.2d 339, 344 (3d Cir. 1986). When parties assert that the need for confidentiality outweighs this strong presumption, we trust trial courts to fairly balance the interests at stake. . . .

Wecht, 484 F.3d at 208.

11. Here, a sealing order is appropriate as the letter and the within filing deals with Mr. Williams choice of counsel and the need for confidentiality and secrecy outweigh the public interest in access to these particular judicial records.

12. Moreover, the extent of the order sought is narrowly tailored such that any infringement on the common law right of access to judicial records will be no greater than necessary to protect Mr. Williams' confidential decisions.

4

WHEREFORE, for all of the foregoing reasons, it is respectfully requested that the motion be granted and the accompanying letter be filed under seal.

Respectfully submitted,

March 23, 2017

_____
MICHAEL J. DIAMONDSTEIN
Attorney for Rufus Seth Williams
Suite 900
Two Penn Center
1500 John F. Kennedy Boulevard
Philadelphia, Pennsylvania 19102
(215) 940-2700
(215) 940-2701 (fax)
mjd@michaeldiamondstein.com

5

CERTIFICATE OF SERVICE

Michael J. Diamondstein, being duly sworn according to law, hereby swears and affirms that a true and correct copy of the within motion was served upon the following individuals on or about March 23rd, 2017:

>Honorable Paul S. Diamond
>U.S. District Court, E.D. of Pa.
>U.S. Courthouse
>601 Market Street
>Philadelphia, Pennsylvania 19106-1797
>**VIA EMAIL ONLY**
>
>Vineet Gauri, AUSA
>U.S. Attorney's Office
>615 Chestnut Street
>Philadelphia, Pennsylvania 19106
>**VIA EMAIL ONLY**

_____
MICHAEL J. DIAMONDSTEIN