**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| *vs.* | : | **No. 17-cr-137-01** |
| | : | |
| **RUFUS SETH WILLIAMS** | : | |
| | : | |

## <u>ORDER</u>

**AND NOW**, this ____ day of _____ , **2017**, it is hereby **ORDERED**

and **DECREED** that **RUFUS SETH WILLIAMS** motions <u>in</u> <u>limine</u> are **GRANTED**.

By the Court:

_____

                                                                    **J.**

1

Create PDF files without this message by purchasing novaPDF printer (http://www.novapdf.com)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| *vs.* | : | **No. 17-cr-137-01** |
| | : | |
| **RUFUS SETH WILLIAMS** | : | |
| | : | |

**MOTIONS IN LIMINE**

**AND NOW**, Rufus Seth Williams, by and through his attorney, Thomas F. Burke, Esquire, hereby submits the following motions *in* limine for this Court's consideration:

1.      Since April 21, 2017, the government has submitting to the defense the witness and exhibit list of the names of people who will be called or mentioned at trial, as well as the exhibits which will be proffered to those witnesses. Witness's names have been added as recently as May 18, 2017.

2.      Among those witnesses mentioned are several individuals who have given statements to the FBI, or have testified before the Grand Jury, but whose testimony has no relevance to the charges for which Mr. Williams stands accused. Among those people listed Monique Westcott, Lynne Abraham, and an Aubrey Montgomery, Zelli Colon, Lisette Gonzalez, employees and custodians of

2

records from the Union League and Sporting Club.  For several different reasons as applied to the different witnesses, Seth Williams seeks an Order from this Court precluding their testimony.

3.      Monique Westcott was employed by the District Attorney's Office as the Director of Community Engagement and Employee Enrichment.  Ms. Westcott was also one of three liaisons from the District Attorney's Office to the Second Chance Foundation.  Mr. Williams has not been charged with any crimes in connections with his Second Chance Foundation. Mr. Williams requests the government be barred from calling her at trial.

4.      Lynne Abraham is the former District Attorney of Philadelphia with a well-known and well publicized animosity toward the current District Attorney. The government intends on calling her to testify regarding a city car use policy implemented by her in 2003 during her term in office.  Her testimony is irrelevant for several reasons.  First and foremost, any police implemented by Abraham can be overwritten by subsequent District Attorney's or outright ignored.  There is no law, City Code or regulation that requires newly elected officials to adopt the "policies" of those who came before them.  Secondly, the policy she wrote was written for "all personnel of this office" and applies to "sworn and civilian personnel alike."  The elected District Attorney, whether Abraham or Williams, is not "personnel of the office" nor are they employees of the office. The sitting District Attorney is an elected position, and as such, the former DA's policy does not apply to him. Lastly, even if this evidence were relevant, Abraham is the improper witness to call as she was not in office at the time of these alleged offenses and cannot testify as to what, if any policy

3

Create PDF files without this message by purchasing novaPDF printer (http://www.novapdf.com)

covered Williams' use of city vehicles during his term in office. Seth Williams seeks an Order barring her testimony.

5.      The government is proposing to call Aubrey Montgomery who was the finance director of Williams' "Friends of Seth Williams" campaigns.  The government proposes to call this witness to testify "regarding Mr. Williams awareness of the restrictions covering PAC expenditures."  Testimony regarding the appropriateness of PAC expenditures requires expertise.  This witness is not an expert in campaign finance laws nor can she opine about what her opinions are regarding the restrictions of PAC expenditures. Whatever she may have told Williams regarding PAC expenditures are her opinion, and she is not an expert.  Therefore, her testimony is irrelevant. Seth Williams seeks an Order barring her testimony.

6.      The government will also call several witnesses, in addition to Aubrey Montgomery, from the Union League, the Sporting Club, Stacey Cummings, Zelli Colon and Lisette Gonzalez (from the PAC) as well custodians of records from these institutions to elaborate about certain expenditures paid for by the PAC.  The government will then argue that these expenditures were "personal" in nature and therefore violated Pennsylvania's Campaign Finance Laws, which then gives rise to the wire and mail fraud charges in Counts Twenty-Two through Twenty-Five. Seth Williams seeks an Order barring these, and any other witnesses whom the government seeks to testify about expenditures from the PAC from testifying.

7.      In their witness list, the government has listed unnamed witness with only titles who may be called to testify at trial.  Among them are "City of Philadelphia Rep." and "Rep. from Pa. Ethics Board".

4

8.      Mr. Williams believes that these individuals would be called to testify to his Amended Statements of Financial Interests as well as the Ethics Complaint and fine levied against Mr. Williams.  Mr. Williams' position is that his Amended Statements of Financial Interests and Ethics Violations are not relevant to the criminal charges he now stands accused and requests this Court from barring any evidence related to these two issues.'

**WHEREFORE**, for all of the foregoing reasons, Rufus Seth Williams respectfully request that his motions in limine be **GRANTED**.

**Respectfully submitted,**

*/s/ Thomas F. Burke, Esquire*
**THOMAS F. BURKE, ESQUIRE**
**Attorney for Rufus Seth Williams**
Suite 900
Two Penn Center
1500 John F. Kennedy Boulevard
Philadelphia, Pennsylvania  19102
(215) 567-1248
(215) 940-2701 (fax)
*tburke@borumburke.com*

5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| *vs.* | : | **No. 17-cr-137-01** |
| | : | |
| **RUFUS SETH WILLIAMS** | : | |
| | : | |

## MEMORANDUM OF LAW

**AND NOW**, Rufus Seth Williams, by and through his attorney, hereby submits the following memorandum of law in support of his motions in limine

### I.   RUFUS SETH WILLIAMS MOTIONS IN LIMINE.

Rufus Seth Williams submits the following motions in limine for this Court's consideration.

### A.   Motion for Sequestration.

We respectfully request that the Court order sequestration of all Government witnesses including case agents.  See Fed.R.Evid. 615.  In the alternative, we request that only one case agent be permitted to remain in the courtroom.  Mr. Williams concedes that this Circuit has recognized a "case agent" exception to the usual practice of sequestration. See United States v. Gonzalez, 918 F.2d 1129, 1138 (3d Cir. 1990).

### B.   The United States Should Be Precluded from offering any evidence pertaining to activities of Mr. Williams' PAC, the Second Chance Foundation, the Amended Statements of Financial Interests and the subsequent Ethics Complaint and Violation

Create PDF files without this message by purchasing novaPDF printer (http://www.novapdf.com)

Counsel suspects that the government may attempt to offer evidence or call witness that pertain to Mr. Williams' Amended Statements of Financial Interests and the subsequent Ethics Violation and fine.  We humbly submit that this evidence is wholly irrelevant and thus inadmissible.

"Under the Federal Rules of Evidence, evidence is admissible only to the extent that it is relevant." United States v. Starnes, 583 F.3d 196, 214 (3d Cir. 2009) (citing Fed.R.Evid. 402). "[E]vidence which is not relevant is inadmissible." United States v. Llera Plaza, 179 F.Supp.2d 523, 525 (E.D.Pa. 2002) (Pollack, J.). "Relevance is a relationship between the evidence and a material fact at issue which must be demonstrated by reasonable inferences that make a material fact more probable or less probable than it would be without the evidence." United States v. Caldwell, 760 F.3d 267, 277 (3d Cir. 2014) (quoting United States v. Sampson, 980 F.2d 883, 888 (3d Cir.1992)).  The Third Circuit has recognized that this standard is not high.  See, e.g., Starnes, 583 F.3d at 214; United States v. Kemp, 500 F.3d 257, 295 (3d Cir. 2007).

Even if evidence is relevant, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed.R.Evid. 403.  Thus, this rule "requires that the District Court engage in balancing to determine whether the probative value of the evidence is 'substantially outweighed' by the negative factors listed in Rule 403." Coleman v. Home Depot, 306 F.3d 1333, 1344 (3d Cir. 2002) (citing United States v. Long, 574 F.2d 761, 766 (3d Cir. 1978)). "The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." Old Chief v. United States, 519 U.S. 172, 180

7

(1997) (citation omitted); see also United States v. Guerrero, 803 F.3d 783, 786 (3d Cir. 1986) ("The prejudice to an opponent can be said to be 'unfair' when the proponent of the evidence could prove the fact by other, non-prejudicial evidence." (citation omitted)).

The government has interviewed Monique Westcott, Aubrey Montgomery and Lynne Abraham.  With regard to Monique Westcott, the government has extensively probed Mr. Williams 'Second Chance Foundation" for years, and yet, to date, have not charged Mr. Williams with any improprieties with this organization.  As such, her testimony or any other evidence in connection with this organization is irrelevant.

The proposed testimony of Aubrey Montgomery regarding her communications to Williams in reference to permissible use of PAC is her opinion.  Permissibility of PAC fund usage is governed by Pennsylvania Law.  Any opinion regarding that law would require, at a minimum, and law degree, which the witness does not possess.  Furthermore, the government is not proposing her as an expert and therefore, her opinions as to permissibility of PAC funds are unreliable and irrelevant.

The testimony of Lynne Abraham is completely irrelevant for several reasons.  First, any policy regarding the use of city cars under her administration does not apply to subsequent administrations.  Secondly, her policy only applies to "all personnel of this office" and applies to "sworn and civilian personnel alike."  The elected District Attorney is not "personnel" of the office, and therefore any previous policy by a sitting DA does not apply to him.  Finally, Seth Williams has been charged with wire fraud in connection with his use of city vehicles during his term in office.  Only a witness who has knowledge of any policy implemented under Williams' term in office can testify to what, if any, policy applied to him.

8

Create PDF files without this message by purchasing novaPDF printer (http://www.novapdf.com)

Introduction of the Amended Statement of Financial Interests merely corroborates the gifts received by Mr. Williams. The defense does not and will not at trial attempt to argue that he did not receive these gifts. Also, evidence that the defendant received gifts will be introduced through other witnesses (Michael Weiss, Williams Weiss and Mohommad Ali). The reception of the gifts is not a crime, even if not properly listed in the Statement of Financial Affairs. The introduction of such evidence, particularly the Ethics Charge, will lead the jury to improperly conclude that the defendant is guilty simply by accepting the gifts, or by accepting them, and not reporting them. As this Court is well aware, the crux of ta bribery charge as it relates to the Travel Act charges, the Hobbs Act Extortion charges and the Honest Services Fraud Charges is the *"quid pro quo"*. Introduction of the Amended Statements of Financial Affairs and subsequent Ethics Violation would create and unfair prejudice, confuses the issues, mislead the jury, cause undue delay, waste time, and needlessly present cumulative evidence.

The government will attempt through several witnesses to garner testimony regarding expenditures made by the defendant's Political Action Committee (PAC) to the Union League and the Sporting Club. The government will then argue that these expenditures were "personal" expenses, and therefore a violation of Pennsylvania's Campaign Finance Laws, and therefore the basis of the government's wire and mail fraud charges. However, such an argument is dependent upon an interpretation of Pennsylvania Law. Legitimate campaign expenditures cannot serve as the basis for a mail or wire fraud prosecution. Federal law must not be construed to criminalize local political activity that is authorized by state law. As such, counts 22-25 of the superseding indictment must be dismissed because the expenditures at issue were, in fact, legitimate under Pennsylvania campaign finance law.

Prior to 1978, legally-permitted expenditures of Pennsylvania political committees were

Create PDF files without this message by purchasing novaPDF printer (http://www.novapdf.com)

required to fit within strict limits imposed by Section 1606 of the original Election Code of June 3, 1937, P.L. 1333, 25 Pa.Stat. § 3226 (as amended by the Act of June 3, 1943, P.L. 851, adding subsection "Ninth"). This section expressly enumerated specific categories of expenditures that were permitted, and if the expenditure fell outside of these categories it was impermissible.

In 1978, as part of the comprehensive revision of the Election Code, Pennsylvania's approach to regulating campaign expenditures was totally reversed. Under the new law, instead of being prohibited unless authorized, all expenditures are now permitted unless expressly forbidden. Section 1606 was repealed. A new section 3254.1 was added, which states the general rule: "No candidate, chairman or treasurer of any political committee shall make or agree to make any expenditure or incur any liability except as provided in section 1621(d)." The latter section of the act, codified at 25 Pa.Stat. § 3241(d), places only one limitation on expenditures:

(d) the word "**expenditure**" shall mean:

(1) the payment, distribution, loan or advancement of money or any valuable thing by a candidate, political committee or other person *for the purpose of influencing the outcome of an election*; ....

Act of Oct. 4, 1978, P.L. 893, section 1621 (boldface emphasis in the statute; italicized emphasis added). Thus, a campaign committee can spend its funds in any way which the committee deems will beneficially influence the outcome of an election.

Because the current definition eschews specific categories of expenditures and instead broadly permits any expenditure made "for the purpose of influencing an election," expenditures may lawfully be made to influence any election, including future elections. This interpretation is explicitly approved by the Pennsylvania Department of State in its "Campaign Finance Frequently Asked Questions" (page 2, posted December 22, 2010):

Create PDF files without this message by purchasing novaPDF printer (http://www.novapdf.com)

> The expenditure does not have to influence a particular election; rather, the expenditure just has to be made in an effort to influence an election. Expenditures that are made to influence the outcome of future elections are considered election expenditures.

Pennsylvania Department of State, *Campaign Finance Frequently Asked Questions*, http://www.dos.pa.gov/votingelections/candidatescommittees/campaignfinance/documents/faq/campaignfinancefaq.pdf.

The examples of the varied and permissive nature of allowable expenditures in Pennsylvania from campaign funds are legion. Numerous high profile public officials have utilized large sums to pay for expenditures related to their legal defense from criminal prosecution – even **after** announcing they would not seek reelection. Former State Senator Jane Orie spent approximately $105,500 in campaign funds for her defense.[1] Former State Senator Vincent Fumo (prosecuted by the U.S. Attorney's Office for the Eastern District of Pennsylvania) spent approximately $1,100,000 in campaign money on his defense and former State Senator Robert Mellow spent over $700,000 from his campaign funds. More recently, former Pennsylvania Attorney General Kathleen Kane spent more than $300,000 from campaign funds for expenses related to her defense from prosecution.[2] Former Pittsburgh Mayor Luke Ravenstahl spent over $8,000 for country club dues and former State Senator Bob Regola used campaign funds to continue to pay his cell phone bills **after** he left office.[3]

Under the purposefully broad definition of "expenditure" in the revised Election Code, all of Williams's expenditures cited by the Government in their superseding indictment were

---

[1] *See* Paula Reed, *Orie used campaign funds for legal costs*, Pittsburgh Post-Gazette, (April 17, 2012); http://www.post-gazette.com/local/north/2012/04/17/orie-used-campaign-funds-for-legal-costs/stories.

[2] *See* Charles Thompson, *PA Attorney General Kathleen Kane's 2015 campaign spending shows how she is funding her defense*, www.pennlive.com, (February 3, 2016). *See also*, John Finnerty, *Pennsylvania Law vague on how campaign contributions can be used*, Tribune-Democrat, (February 12, 2016) http://www.tribdem.com/news/pennsylvania-law-vague-on-how-campaign-contributions-can-be-used/article.

[3] *See* Rich Cholodofsky, *Broad Pa. laws allow dubious use of campaign cash*, Pittsburgh Tribune Review, (May 15, 2016) http://triblive.com/news/westmoreland/10341515-74/campaign-office-state.

Create PDF files without this message by purchasing novaPDF printer (http://www.novapdf.com)

permissible expenditures as a matter of Pennsylvania election law. The expenditures were consistent with the well-established practice of elected officials in Pennsylvania. Even a cursory review of the publicly available campaign finance reports for many of Pennsylvania's well-known past and present elected state officials reveals comparable expenditures. Indeed, the utter absence of state case law on this issue is a tribute to the well settled nature of this practice and the impossibility that the Government will be able to prove the illegality of these expenditures.

If the Court were to allow this evidence, notwithstanding the legal discussion set forth above, the defense respectfully submits that the Government's proffered use of this evidence will also constitute undue burden shifting, thus Mr. Williams will be faced with a Hobson's choice if the Government is permitted to use the evidence in this way. On the one hand, any factfinder called upon to determine whether Mr. Williams PAC expenditures were permitted and lawful under Pennsylvania's Campaign Finance laws will be forced to do so without the benefit of testimony from any witnesses with personal knowledge of why these expenditures were made or if they had any relation to influencing the outcome of an election. Regardless of the evidence the Government offers, they will be unable to present Mr. Williams actual knowledge and intent of those expenditures. As already noted above, this is a crucial element in the totality of the circumstances. On such a record, it would be patently unfair to allow the Government to introduce evidence and make representations to the jury regarding the legality or propriety of PAC expenditures. On the other hand, Mr. Williams can take the stand and explain his actions regarding the intention behind the expenditures all the while frustrating his Fifth Amendment right to remain silent. Then, undersigned counsel will be forced to argue the propriety of Campaign Finance expenditures. Under this scenario, the factfinder will have

Create PDF files without this message by purchasing novaPDF printer (http://www.novapdf.com)

the evidence necessary to resolve the issue but the defendants will have surrendered one of the most fundamental, well-entrenched rights in the American system of justice.

The defense respectfully submits that such a situation is untenable and in square conflict with the defendant's rights under the Constitution.  Evidence essential to determining the intention, legality or propriety of campaign expenditures will be withheld from the factfinder unless the defendant waives his right to remain silent.  As such, the Government should not be permitted to contend that the defendant's campaign expenditures were "personal" and therefore violated Campaign Finance Laws.

## II.    <u>CONCLUSION</u>

**WHEREFORE**, for all of the foregoing reasons, Rufus Seth Williams respectfully request that his motions <u>in limine</u> be **GRANTED**.

**Respectfully submitted**,

*/s/ Thomas F. Burke,Esquire*
**THOMAS F. BURKE, ESQUIRE**
**Attorney for Rufus Seth Williams**
Suite 900
Two Penn Center
1500 John F. Kennedy Boulevard
Philadelphia, Pennsylvania  19102
(215) 567-1248
(215) 940-2701 (fax)
*tburke@borumburke.com*

Create PDF files without this message by purchasing novaPDF printer (http://www.novapdf.com)

## CERTIFICATE OF SERVICE

And now, on the **19th** day of **May, 2017**, **Thomas F. Burke, Esquire**, being duly sworn according to law, hereby certifies that a true and correct copy of the foregoing motion was served upon the following individuals:

> **Clerk's Office**
> **U.S. District Court for the Eastern District of Pennsylvania**
> 2609 U.S. Courthouse
> 601 Market Street
> Philadelphia, Pennsylvania  19106-1797
> **VIA ECF**
>
> **Honorable Paul S. Diamond**
> **U.S. District Court for the Eastern District of Pennsylvania**
> 6613 U.S. Courthouse
> 601 Market Street
> Philadelphia, Pennsylvania  19106-1797
> **VIA ECF**
>
> **Vineet Gauri, Esquire**
> **Eric Moran, Esquire**
> **Assistant United States Attorney**
> Eastern District of Pennsylvania
> Suite 1250
> 615 Chestnut Street
> Philadelphia, Pennsylvania  19106
> **VIA ECF**

*/s/ Thomas F. Burke, Esquire*
**THOMAS F. BURKE, ESQUIRE**
**Attorney for Rufus Seth Williams**

Create PDF files without this message by purchasing novaPDF printer (http://www.novapdf.com)