IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **United States of America** | : | CR#17-137 |
| | : | |
| v. | : | |
| | : | |
| **RUFUS SETH WILLIAMS** | : | |

# ORDER

AND NOW, this      day of            , 2017, upon consideration of Defendant Williams' **Motion To Exclude Hearsay Evidence**, it is hereby ORDERED that said Motion is GRANTED.

BY THE COURT:

_____

The Honorable Paul S. Diamond

Create PDF files without this message by purchasing novaPDF printer (http://www.novapdf.com)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **United States of America** | : | CR#17-137 |
| | : | |
| v. | : | |
| | : | |
| **RUFUS SETH WILLIAMS** | : | |

## MOTION TO EXCLUDE HEARSAY EVIDENCE

1. Hearsay is an "out-of-court statement[], written or oral, that [is] offered for the truth of the matter asserted and do[es] not fall under any exception enumerated under Federal Rule of Evidence ("FRE") 802." *United States v. Browne*, 834 F.3d 403, 415 (3d Cir. 2016) (citations omitted); *see also United States v. McGlory*, 968 F.2d 309, 331 (3d Cir. 1992) ("'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."). *See also* FRE 801 (c)(1)(2).

2. Further, when hearsay is categorized as "testimonial", its admission implicates the Confrontation Clause of the Fifth Amendment to the United States Constitution. See, *e.g., Crawford v. Washington*, 541 U.S. 36 (2004); *Davis v. Washington*, 547 U.S. 813 (2006); Michigan v. Bryant, 562 U.S. 344 (2011).

3. For purposes of the hearsay rule a ""Statement "means a person's oral assertion, written assertion, or **nonverbal conduct**, if the person intended it as an assertion." FRE 801(a). (Emphasis added).

Create PDF files without this message by purchasing novaPDF printer (http://www.novapdf.com)

4. In the instant case, the government has informed Williams that they intend to prove Counts Nineteen, Twenty and Twenty-One, solely through the testimony of Sylvia Randolph ("Randolph"), the wife Luther Randolph

5. The government alleges in Counts Nineteen, Twenty and Twenty-One, Luther Randolph wrote a check for ten thousand dollars to Williams for the purpose of using that money for Williams' mother's care, notwithstanding the fact that the check was made out in the name of "Seth Williams" and not "Imelda Williams", and there is nothing written in the "memo" line of the check indicating the intention of the money. The government further alleges that Williams misappropriated that money for his own use.

6. At the grand jury, Luther Randolph testified the check he wrote to Williams was meant to be used for Williams' mother's care.  The government, however, has informed Williams that Luther Randolph will not be available to testify at trial.  Accordingly, the government seeks to prove that the check was written for Williams' mothers' care through the testimony of Sylvia Randolph, despite the fact she did not write that check herself.

7. Randolph has no personal knowledge of why the check was written.  In fact, before the grand jury she testified that she had only seen Williams on one occasion four years ago and she didn't ask her husband why that check was written. (N.O.T. p. 6 &16).

8. In fact, Sylvia Randolph testified that she didn't know whether or not the check was for Williams' mother's care.  Rather, it was her husband that would have knowledge of the purpose of the check. (N.O.T. p. 9). Although she speculated that the check was written to Williams because his mother couldn't go to the bank, she was "very vague" on why the check was written to Williams. (N.O.T. 9 &10). Finally, although Randolph was

present when Luther Randolph handed the check to Williams' mother, she did remember any words "being passed" when the check was handed to Williams' mother. (N.O.T. p. 16).

9. Sylvia Randolph's testimony regarding the purpose of the check is hearsay. Anything told to Randolph by her husband regarding the purpose of the check is being offered for the truth. It is an out of court statement and is not subject to any of the enumerated hearsay exceptions under FRE 803. Accordingly, such testimony is inadmissible.

WHEREFORE, defendant Williams respectfully moves this Honorable Court to enter an order precluding the testimony of Sylvia Randolph and dismissing Counts Nineteen, Twenty and Twenty-One of the Indictment.

Respectfully Submitted:

*/s/Thomas F. Burke, Esquire*

Thomas F. Burke, Esquire
Counsel to R. Seth Williams

Create PDF files without this message by purchasing novaPDF printer (http://www.novapdf.com)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| **United States of America** | : | CR#17-137 |
| --- | --- | --- |
|  | : |  |
| **v.** | : |  |
|  | : |  |
| **RUFUS SETH WILLIAMS** | : |  |

### MEMORANDUM OF LAW IN SUPPORT OF WILLIAMS' MOTION TO EXCLUDE HEARSAY EVIDENCE

Hearsay is an "out-of-court statement[], written or oral, that [is] offered for the truth of the matter asserted and do[es] not fall under any exception enumerated under Federal Rule of Evidence ("FRE") 802." *United States v. Browne*, 834 F.3d 403, 415 (3d Cir. 2016) (citations omitted); *see also United States v. McGlory*, 968 F.2d 309, 331 (3d Cir. 1992) ("'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."). *See also* FRE 801 (c)(1)(2). Further, when hearsay is categorized as "testimonial", its admission implicates the Confrontation Clause of the Fifth Amendment to the United States Constitution. See, *e.g., Crawford v. Washington*, 541 U.S. 36 (2004); *Davis v. Washington*, 547 U.S. 813 (2006); Michigan v. Bryant, 562 U.S. 344 (2011). For purposes of the hearsay rule a ""Statement "means a person's oral assertion, written assertion, or **nonverbal conduct**, if the person intended it as an assertion." FRE 801(a). (Emphasis added).

In the instant case, the government has informed Williams that they intend to prove Counts Nineteen, Twenty and Twenty-One solely through the testimony of Sylvia Randolph ("Randolph"), the wife of Luther Randolph. In fact, the government alleges in Counts Nineteen,

Create PDF files without this message by purchasing novaPDF printer (http://www.novapdf.com)

Twenty and Twenty-One that Luther Randolph wrote a check for ten thousand dollars to Williams for the purpose of using that money for Williams' mother's care. The government further alleges that Williams misappropriated that money for his own use.  At the grand jury, Luther Randolph testified the check he wrote to Williams was meant to be used for Williams' mother's care.  The government, however, has informed Williams that Luther Randolph will not be available to testify at trial.  Accordingly, the government seeks to prove that the check was written for Williams' mothers' care through the testimony of Randolph, despite the fact she did not write that check herself.

Randolph has no personal knowledge of why the check was written.  In fact, before the grand jury she testified that she had only seen Williams on one occasion four years ago and she didn't ask her husband why that check was written. (N.O.T. p. 6 &16).  Randolph further testified that she didn't know whether or not the check was for Williams' mother's care.  Rather, it was her husband that would have knowledge of the purpose of the check. (N.O.T. p. 9). Although she speculated that the check was written to Williams because his mother couldn't go to the bank, she was "very vague" on why the check was written to Williams. (N.O.T. 9 &10). Finally, although Randolph was present when Luther Randolph handed the check to Williams' mother, she did remember any words "being passed" when the check was handed to Williams' mother. (N.O.T. p. 16).

Randolph's testimony regarding the purpose of the check is hearsay. Anything told to Randolph by her husband regarding the purpose of the check is being offered for the truth.  It is an out of court statement and is not subject to any of the enumerated hearsay exceptions under FRE 803.  Accordingly, such testimony is inadmissible.

Create PDF files without this message by purchasing novaPDF printer (http://www.novapdf.com)

WHEREFORE, defendant Williams respectfully moves this Honorable Court to enter an order dismissing precluding the testimony of Sylvia Randolph and dismissing Counts Nineteen, Twenty and Twenty-One of the Indictment.

Respectfully Submitted:

/s/Thomas F. Burke_____

Thomas F. Burke, Esquire

Create PDF files without this message by purchasing novaPDF printer (http://www.novapdf.com)

**CERTIFICATE OF SERVICE**

And now, on the **19th** day of **May, 2017**, **Thomas F. Burke, Esquire**, being duly sworn according to law, hereby certifies that a true and correct copy of the foregoing motion was served upon the following individuals:

**Clerk's Office**
**U.S. District Court for the Eastern District of Pennsylvania**
2609 U.S. Courthouse
601 Market Street
Philadelphia, Pennsylvania  19106-1797
**VIA ECF**

**Honorable Paul S. Diamond**
**U.S. District Court for the Eastern District of Pennsylvania**
6613 U.S. Courthouse
601 Market Street
Philadelphia, Pennsylvania  19106-1797
**VIA ECF**

**Vineet Gauri, Esquire**
**Eric Moran, Esquire**
**Assistant United States Attorney**
Eastern District of Pennsylvania
Suite 1250
615 Chestnut Street
Philadelphia, Pennsylvania  19106
**VIA ECF**

*/s/ Thomas F. Burke, Esquire*
**THOMAS F. BURKE, ESQUIRE**
**Attorney for Rufus Seth Williams**

Create PDF files without this message by purchasing novaPDF printer (http://www.novapdf.com)