IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No. 17-137 |
| | : | |
| RUFUS SETH WILLIAMS | : | |

# O R D E R

In this political corruption prosecution, the Government moves to admit evidence respecting three prior acts of Defendant Rufus Seth Williams that it contends are probative of his guilt: the Philadelphia Ethics Board's 2009 investigation of Defendant for campaign finance violations and a related judicial proceeding, Defendant's 2014 prosecution of a high-profile public corruption scheme, and Defendant's enforcement of the City Vehicle Policy while serving as Inspector General from 2005 to 2008. (Gov't Mot., Doc. No. 54); Fed. R. Evid. 404(b). Defendant moves to exclude the testimony of eight Government witnesses (Lynne Abraham, Monique Westcott, Aubrey Montgomery, Stacey Cummings, Zelli Colon, Lisette Gonzalez, a City Representative, and an Ethics Board Representative), to exclude records from the Union League and Sporting Club, and for an order requiring the Government to sequester its witnesses. (Def.'s Mot., Doc. No. 55.) Both Parties have responded. (Gov't Resp., Doc. No. 60; Def.'s Resp., Doc. No. 63.)

I will grant the Government's Motion to admit evidence concerning his prosecution of City officials for bribery and his enforcement of the City Vehicle Policy. I will permit the Government to introduce Defendant's prior statements made during the campaign finance investigation but will not allow it to refer to or otherwise introduce evidence respecting that investigation. I will grant Defendant's Motion to exclude the testimony of Aubrey Montgomery and its Motion to sequester witnesses. I will otherwise deny both Motions.

Because I make these rulings before any trial evidence has been presented, the rulings are necessarily tentative. Accordingly, both Parties have leave to renew their motions *in limine* at trial.

### I. Background

The grand jury charges Defendant with misconduct arising from five separate schemes. The disputed evidence pertains to four of the alleged schemes.

#### A. *Bribery Schemes*

In Counts 1 through 15, the grand jury charges that Defendant committed fifteen Travel Act, Hobbs Act, and honest services wire fraud violations arising from two separate schemes with two local Business Owners. (Super. Ind., Doc. No. 40, pp. 1-46); 18 U.S.C. §§ 1346, 1951, 1952. As alleged, while serving as District Attorney, Defendant received valuable pecuniary benefits from each Business Owner. (Super. Ind. pp. 4-5 ¶ 5, 19 ¶ 5.) In exchange for those benefits, Defendant agreed to perform official acts to benefit the Business Owners. (Super Ind. pp. 5-6 ¶ 6, 20 ¶ 6.)

State ethics laws required Defendant to file annual Statements of Financial Interest detailing all gifts he received worth more than $200 (to the City) and $250 (to the Commonwealth). (Id. pp. 3-4 ¶¶ 2-3); see 65 Pa. C.S. §§ 1104(a), 1104(b)(2), 1105(b)(6). As alleged, to conceal his receipt of these benefits, Defendant initially omitted them from his SFIs. (Super. Ind. pp. 6 ¶ 7, 20-21 ¶ 7.) Only during the Summer of 2016—well after federal agents began investigating his conduct—did he submit amended SFIs in which he disclosed those benefits. (Id. pp. 6 ¶ 8, 21 ¶ 8.)

#### B. *PAC Fraud Scheme*

Pennsylvania law permits candidates to use funds controlled by their political action

committees only "for the purpose of influencing the outcome of an election," and not for personal expenses, and requires candidates to file annual campaign finance reports disclosing all such expenditures. (Id. pp. 51-52, ¶ 1(e)-(g)); 25 P.S. §§ 3241(d), 3246(b)(4), 3247(a), 3254.1; 4 Pa. Code § 177.1(d).

In Counts 22 through 25—charging wire fraud—the grand jury alleges that from August 2010 to August 2016, Defendant defrauded his PAC by converting PAC funds to his personal use, including for expenditures at the Union League and the Sporting Club. (Super. Ind. p. 53-54 ¶ 4); 18 U.S.C. § 1343. To conceal his misuse of PAC funds, Defendant then allegedly filed CFRs that inaccurately described or omitted these improper personal expenses. (Super. Ind. p. 54 ¶ 4(e).)

### C. Vehicle Fraud

DAO and City policies in place between April 2003 and February 2017 prohibited the use of City-owned vehicles for personal purposes. (Id. p. 57 ¶ 2(a).) The City also received funds from the federal High Intensity Drug Trafficking Area program to lease vehicles. (See id. pp. 57-58 ¶ 2(b)-(c).) HIDTA policies also prohibited the personal use of its vehicles. (See id. p. 58 ¶ 2(d).)

In Counts 26 through 29—charging mail and wire fraud—the grand jury alleges that from December 2011 to April 2017, Defendant schemed to defraud the City and the HIDTA program by using City and HIDTA vehicles for personal purposes in violation of City and HIDTA policies. (See id. pp. 58-60 ¶¶ 3-4); 18 U.S.C. §§ 1341, 1343. Moreover, Defendant failed to disclose to City disbursement officials his personal use of the vehicles. (See Super. Ind. p. 60 ¶ 4(c).)

## II. Government's Motion to Admit

*A. The Evidence*

Citing Rule 404(b), the Government asks me to admit evidence of three prior incidents: the Ethics Board's 2009 investigation and sanction of Defendant for his campaign finance violations and related judicial proceeding; Defendant's 2014 prosecution of a high-profile public corruption scheme; and Defendant's enforcement of the City vehicle policy while serving as Inspector General from 2005 to 2008. (Gov't Mot. at 1); Fed. R. Evid. 404(b).

*Defendant's Campaign Finance Violations*

In February 2009, the Philadelphia Ethics Board began to investigate Defendant for improper campaign expenditures during his 2009 run for District Attorney. (Id. at 9.) In March 2009, Defendant's campaign opponents sued to have him removed from the ballot because he had failed to disclose fully as income on his SFIs his PAC reimbursement checks, which transferred funds from his PAC to his personal bank account to reimburse him for campaign expenses. (Id.) After the Common Pleas Court removed him from the ballot, the Commonwealth Court reversed and reinstated him, concluding, *inter alia*, that those reimbursement checks did not need to be reported as income on Defendant's SFIs. (Id.); see In re Nominating Petition of R. Seth Williams, 972 A.2d 32 (Pa. Commw. Ct. 2009).

During the Board's hearings and the judicial proceeding, Defendant made several statements indicating that he understood that state law required him to report the sources of his income on his SFIs, and to report his PAC expenditures on his CFRs. (See Gov't Mot. at 9-12.) Further, his testimony apparently reflected that he understood which expenses were appropriate campaign expenditures and which were not. (Id. at 10-12.)

In May 2009, Defendant settled with the Board, conceding that his PAC had not maintained adequate documentation of expenditures for which it reimbursed Defendant, and that

the PAC had mistakenly reported expenditures in its CFR during the 2008 election season. (Gov't Mot. at 12.)

In addition to Defendant's own prior statements, the Government seeks to offer the testimony of Aubrey Montgomery, the Finance Director of Defendant's PAC in 2008 and 2009. (Gov't Mot. at 8.) Ms. Montgomery will testify that before she joined the campaign, Defendant was responsible for PAC finances. (Id.) Defendant used the PAC debit card and his personal debit card to cover campaign expenses, and, when he used his personal card, sought reimbursement from the PAC. (Id.) Defendant's wife then reviewed his personal bank statements and sought reimbursement for non-family expenditures. (Id.) Ms. Montgomery instituted stricter procedures and removed the PAC debit card from his possession. (Id. at 8-9.) She ultimately had to amend the PAC's 2007 and 2008 CFRs. (Id. at 13.) Ms. Montgomery will testify that Defendant charged the PAC for personal expenses, and, when she confronted him, he indicated that he believed he was entitled to a "per diem" while traveling. (Id.) In June 2009, Ms. Montgomery wrote a memorandum "express[ing] her unease" with Defendant's involvement with PAC finances. (Id. at 13-14.)

The Government will also offer the testimony of an Ethics Board representative to testify regarding the Board's investigation of Defendant. (Id. at 8.)

*State Bribery Prosecution*

Pennsylvania law proscribes bribery. See 18 Pa. C.S. § 4701. In 2014, while serving as District Attorney, Defendant investigated and prosecuted a high-profile public corruption case in which state legislators and a traffic court judge received valuable benefits in exchange for official action. (Gov't Mot. at 14.) During the prosecution, Defendant made public statements regarding the charges, which the Government seeks to introduce at trial. (Id. at 14-15.)

The Government argues that because this evidence cannot show bad character or propensity, it is not subject to Rule 404(b), but provides notice that it will seek its admission "in an abundance of caution." (Id. at 1-2.)

*Enforcement of City Vehicle Policy*

Finally, the Government seeks to admit evidence that Defendant investigated and reported City employees who violated the City's Vehicle Use Policy while serving as City Inspector General from 2005 to 2008. (Gov't Mot. at 15.) Even after he entered private practice in 2008, Defendant continued to report misuse of City vehicles. (Id. at 16.) The Government will show these investigations through public records that it obtained from the City Inspector General's Office. (Id. at 15-16.)

The Government argues that this evidence cannot show bad character or propensity and is also not subject to Rule 404, but provides notice that it will seek to admit this evidence "in an abundance of caution." (Id. at 1-2.)

Defendant opposes the admissibility of all three prior acts. He argues that the evidence respecting the investigation of his campaign finances and his prosecution of state law bribery charges are irrelevant and prejudicial and that the evidence respecting his enforcement of the City vehicle policy is irrelevant. (See Def.'s Resp. at 1-12.)

### B. Legal Standards

Rule 404(b) provides that:

> Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character . . . [I]t may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404(b)(1)-(2). "Admissibility under Rule 404(b) requires the satisfaction of four

distinct steps: (1) the other-acts evidence must be proffered for a non-propensity purpose; (2) that evidence must be relevant to the identified non-propensity purpose; (3) its probative value must not be substantially outweighed by its potential for causing unfair prejudice to the defendant; and (4) if requested, the other-acts evidence must be accompanied by a limiting instruction." United States v. Repak, 852 F.3d 230, 241 (3d Cir. 2017) (citing Huddleston v. United States, 485 U.S. 681, 691 (1988), and United States v. Caldwell, 760 F.3d 267, 277-78 (3d Cir. 2014)). "Rule 404(b) is a rule of exclusion, meaning that it excludes evidence unless the proponent can demonstrate its admissibility, but it is also 'inclusive' in that it does not limit the non-propensity purposes for which evidence can be admitted." Id. "The District Court, if it admits the evidence, must in the first instance . . . articulate reasons why the evidence also goes to show something other than character. The reasoning should be detailed and on the record." United States v. Davis, 726 F.3d 434, 442 (3d Cir. 2013) (quoting United States v. Sampson, 980 F.2d 883, 888 (3d Cir. 1992)).

*C. Discussion*

*Enforcement of Pennsylvania Bribery Law and Vehicle Use Policy*

Arguing that Rule 404(b) does not apply, the Government has provided notice that it intends to introduce evidence regarding Defendant's use of a state law bribery statute in a high-profile 2014 corruption prosecution and his enforcement of the City's Vehicle Use Policy while serving as Inspector General. See 18 Pa. C.S. § 4701. Defendant seeks to exclude this evidence as irrelevant. (Def.'s Resp. at 2-6.) I will permit the Government to introduce the evidence.

Rule 404(b) bars the admission of other act evidence "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." "This rule reflects the longstanding concern that evidence of prior bad acts, when offered only to

show the defendant's propensity to commit the charged crime, 'is said to weigh too much with the jury and to so overpersuade them as to prejudice one with a bad general record and deny him a fair opportunity to defend against the particular charge.'" Caldwell, 760 F.3d at 275 (quoting Sampson, 980 F.2d at 886). Defendant's enforcement of state bribery law and City Vehicle Policy show that he acted in accordance with his responsibilities as City Inspector and District Attorney—acts of good character. They cannot raise an inference that Defendant committed the charged crimes because he acted in accordance with his bad character. Accordingly, Rule 404(b) does not apply.

Defendant's 2014 prosecution of City officials for state law bribery is relevant to the Bribery Schemes. The grand jury charges Defendant with, *inter alia*, Travel Act violations arising from his acceptance of valuable benefits from the two Business Owners. (Super Ind. pp. 1-46.) To prove these Travel Act violations, the Government must show that Defendant intended to promote or facilitate state law bribery. (Super Ind. p. 7 ¶ 9; id. p. 21 ¶ 9); see 18 U.S.C. § 1952(a); United States v. Bencivengo, 749 F.3d 205, 213-214 (3d Cir. 2014). To establish state law bribery, the Government must show that Defendant solicited or accepted benefits as consideration for an exercise of official discretion, and acted intentionally, knowingly, or recklessly. 18 Pa. C.S. 4701; Commonwealth v. Moran, 104 A.3d 1136, 1148-50 (Pa. 2014).

Defendant's 2014 prosecution of state officials for public bribery tends to show his knowledge that acceptance of valuable pecuniary benefits in exchange for official acts was illegal under state law and is thus relevant to the Travel Act charges.

Defendant's enforcement of the City's Vehicle Use Policy while serving as Inspector General is relevant to the vehicle fraud charges. The grand jury charges Defendant with mail and wire fraud arising from his scheme to defraud the City by using City vehicles for his

personal use. (Super. Ind. pp. 57-61, ¶¶ 1-5); 18 U.S.C. §§ 1341, 1343. Both mail and wire fraud require the Government show that Defendant acted with specific intent to defraud, which requires it to show that Defendant had knowledge and awareness of the rules he allegedly broke. Nat'l Sec. Sys., Inc. v. Iola, 700 F.3d 65, 105 (3d Cir. 2012); United States v. Fumo, 655 F.3d 288, 302 (3d Cir. 2011), as amended (Sept. 15, 2011); United States v. Bryant, 655 F.3d 232, 248 (3d Cir. 2011); see also Genty v. Resolution Trust Corp., 937 F.2d 899, 908-09 (3d Cir. 1991) ("When . . . liability is premised on violations of the federal mail fraud statute . . . the defendants must have knowledge of the illicit objectives of the fraudulent scheme and willfully intend that those larger objectives be achieved."). Defendant's enforcement of the City's Vehicle Use Policy is relevant to the vehicle fraud charges because it shows that he had the knowledge and awareness of the policy necessary to act with intent to defraud.

Moreover, the danger of unfair prejudice arising from Defendant's prosecution state law bribery and his enforcement of the City's vehicle policy does not substantially outweigh their probative value. Fed. R. Evid. 403. On the contrary, they show that he acted in accordance with his responsibilities as District Attorney and as Inspector General. These acts thus evince good character. They do not encourage the jury to convict Defendant for reasons unrelated to the evidence presented. See Carter v. Hewitt, 617 F.2d 961, 972 (3d Cir. 1980). Accordingly, the Government may introduce this evidence at trial.

*Defendant's Statements During the Campaign Finance Investigation*

The Government seeks to admit statements Defendant made during the course of the Philadelphia Ethics Board's 2009 investigation of his campaign finances and during the related judicial proceeding that purport to show his knowledge and awareness of his state law CFR and SFI reporting requirements. Considered separately from the investigation, these prior statements

are not subject to Rule 404(b) because they are not crimes, wrongs, or other acts, but rather are party admissions. Fed. R. Evid. 801(d)(2).

Defendant's knowledge and awareness of state law CFR requirements are relevant to the PAC fraud charges. (See Super. Ind. pp. 51-56 ¶¶ 1-5.) The grand jury charges Defendant with wire fraud arising from his scheme to defraud his PAC by using campaign funds for personal expenses. The Government must thus prove, *inter alia*, that Defendant "knowingly devised a scheme to defraud . . . by materially false or fraudulent pretenses" and that he "acted with specific intent to defraud." 18 U.S.C. § 1343; Bryant, 655 F.3d at 248; see also Genty 937 F.2d at 908-09. Defendant's knowledge of Pennsylvania's CFR laws is "relevant to the Government's claims that there were rules [he] broke repeatedly, that those rules were clear enough for him to understand, and to show that he was deceiving [the PAC] when he misrepresented or omitted aspects of his actions and expenditures to avoid the perception that he violated those rules." Fumo, 655 F.3d at 302 (affirming wire fraud conviction of state senator who failed to disclose his misuse of personnel in violation of state ethics laws and observing that "[w]ithout this evidence [of the content and enforcement of state ethics law], it would have been very difficult for the Government to prove fraudulent intent."); United States v. Copple, 24 F.3d 535, 545 (3d Cir. 1994) ("Proving specific intent in mail fraud cases is difficult, and, as a result, a liberal policy has developed to allow the government to introduce evidence that even peripherally bears on the question of intent.").

Defendant's knowledge of SFI reporting requirements is relevant to both the two bribery Schemes and the PAC fraud scheme. The grand jury's Travel Act charges require the Government to prove that Defendant acted with the intent to promote or facilitate state law bribery; the Hobbs Act charges require the Government to show that he acted "knowingly or

willfully"; and the wire fraud charges require the Government to show that Defendant acted with specific intent to defraud. Bencivengo, 749 F.3d at 213-14; Bryant, 655 F.3d at 248; United States v. Powell, 693 F.3d 398, 401 (3d Cir. 2012).

Defendant's knowledge that he was required to report the income he obtained from the Business Owners and his PAC on his SFIs suggests that his subsequent failure to report was intentional.

The probative value of these statements is not substantially outweighed by the risk of unfair prejudice. Fed. R. Evid. 403. The risk of unfair prejudice arises only if the jury hears evidence that Defendant was investigated for his campaign finance misconduct. I will permit the jury to hear Defendant's prior statements, but, as I discuss below, I will not allow the jury to hear evidence of Ethics Board's investigation unless Defendant opens the door to such evidence. Accordingly, I will grant the Government's motion to admit Defendant's prior statements made during the course of the Ethics Board investigation.

*Campaign Finance Investigation and Sanction*

As the Government concedes, the investigation and sanction of Defendant for campaign finance violations is evidence subject to 404(b) because it is evidence of an "other act" that could raise a propensity inference. The Government offers this evidence to show Defendant's knowledge and intent with respect to the PAC fraud charges.

Given that the Government has other ways of showing Defendant's knowledge without introducing this prior bad act evidence—including Defendant's own prior statements made during the course of the Board hearing—it appears at this stage that the probative value of this evidence is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403. Moreover, it is not yet clear whether Defendant will dispute that he knew and understood state

law campaign finance and income reporting requirements. Cf. Repak, 852 F.3d at 247 (affirming admission of other act evidence to show knowledge in wire fraud prosecution because defendant "challenged the proof as to his knowledge and intent, making those elements of the charged offenses the centerpiece of the trial."). Accordingly, I will not admit this evidence at this early stage.

If Defendant opens the door to this evidence during his opening statement or his cross-examination of Government witnesses, I will reconsider whether the Government may renew its request to introduce this evidence in its case in chief. If Defendant opens the door to this evidence in presenting his defense, the Government may ask to introduce this evidence in rebuttal.

In sum, I will grant the Government's motion to admit evidence respecting Defendant's state law bribery prosecution and his enforcement of the City's Vehicle Use Policy, and will permit the Government to introduce Defendant's prior statements during the course of the Ethics Board investigation and related judicial proceeding, but will deny its Motion to admit other evidence of the Board's investigation or judicial proceeding.

### III.    Defendant's Motion to Exclude

#### A. *The Evidence*

On May 19, 2017, Defendant moved to exclude the testimony of eight Government witnesses and the Records from the Union League and Sporting Club:

- *Aubrey Montgomery*: Defendant moves to exclude the testimony of Ms. Montgomery, the former finance director of Defendant's PAC, on, *inter alia*, relevance grounds. (Def.'s Mot. ¶ 5.)

- *Lynne Abraham and Monique Westcott*: The Government intends to call Ms. Abraham, the City's former District Attorney, to describe the City's Vehicle Use Policy. (Gov't Resp. at 51-54.) The Government intends to call Ms. Westcott to testify regarding her knowledge of Defendant's personal use of City vehicles. (Gov't Resp. at 57.) Defendant argues that their

testimony is irrelevant because the City's Vehicle Use Policy did not apply to him and that he retained authority to alter it at any time. (Def's Mot. ¶ 4.)

- ***Zelli Colon, Lisette Gonzalez, Stacey Cummings, Union League Records, & Sporting Club Records***: Ms. Colon and Ms. Gonzalez were finance directors for Defendant's PAC; Ms. Cummings is Defendant's girlfriend, who was allegedly the beneficiary of certain expenses paid for by the PAC. (See Gov't Mot. at 59-60.) The Union League and Sporting Club records will provide documentary evidence of Defendant's expenditures. (See id.) Defendant argues that their testimony is irrelevant because his use of PAC funds did not violate state law, and that introduction of evidence regarding his use of PAC funds would compel Defendant to waive his Fifth Amendment rights. (Def.'s Mot. ¶ 6 and 9-13.)

- ***City of Philadelphia & Philadelphia Ethics Board Representatives***: The Government has indicated that it will call two unidentified witnesses to testify as to Defendant's SFIs and ethics violations. (Id. ¶¶7-8.) Defendant argues that their testimony is irrelevant and prejudicial because his receipt of gifts is not a crime and the introduction of their testimony will lead the jury to conclude Defendant is guilty simply because he accepted those gifts. (Id. at 9.)

Defendant also asks me to order sequestration of all Government witnesses except for a single "case agent." (Def.'s Mot. at 6.) The Government responds that it will sequester all witnesses, except for various case agents who may or may not testify. (Gov't Resp. at 64-68.)

### B. Legal Standards

Defendant has moved to exclude testimony on relevance grounds. "Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action"—a "very broad" definition. Fed. R. Evid. 401; United States v. Green, 617 F.3d 233, 251 (3d Cir. 2010) (quoting Gibson v. Mayor & Council of Wilmington, 355 F.3d 215, 232 (3d Cir. 2004)).

Defendant has moved to exclude testimony under Rule 403. That rule provides that I "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. This rule "creates a presumption of admissibility." Repak, 852 F.3d at 246 (quoting United States v.

Claxton, 766 F.3d 280, 302 (3d Cir. 2014)). Evidence is unfairly prejudicial only if it has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Hewitt, 617 F.2d at 972 (quoting Fed. R. Evid. 403 Adv. Committee Note).

### C. Discussion

#### Aubrey Montgomery

The Government offers Ms. Montgomery to testify as to Defendant's alleged misuse of PAC funds in connection with the campaign finance investigation. (See Gov't Mot. at 8-14; Gov't Resp. at 58-59.) I have denied the Government's Motion to admit evidence respecting that investigation. Because Ms. Montgomery's testimony does not otherwise appear to be relevant, I will grant Defendant's Motion to exclude her testimony, unless, as I have discussed, Defendant opens the door to that testimony.

#### Lynne Abraham and Monique Westcott

Defendant moves to exclude as irrelevant the testimony of Ms. Abraham and Ms. Westcott. (Def.'s Mot. ¶¶ 3-4.) I will deny this request.

As I have discussed, Ms. Abraham will testify as to the City's Vehicle Use Policy and Ms. Westcott will testify that she observed Defendant violating that policy. (Gov't Resp. at 53-54, 57.) The testimony of both witnesses is thus relevant to the vehicle fraud charges—Ms. Abraham's testimony will show that the City had a Vehicle Use Policy in place, and Ms. Westcott's testimony will show that Defendant violated the Policy, both of which the Government will have to prove to prevail on these charges. (See Doc. No. 69.) Accordingly, I will deny Defendant's Motion to exclude their testimony.

#### Zelli Colon, Lisette Gonzalez, Stacey Cummings, and Records

Defendant moves to exclude as irrelevant the testimony of Ms. Colon and Ms. Gonzalez,

former finance directors of Defendant's PAC, Ms. Cummings, who was purportedly the beneficiary of certain improper PAC expenditures, and records from the Union League and Sporting Club. (Def.'s Mot. ¶ 6, 9-13; Gov't Resp. at 59-60.) I will deny this Motion.

This evidence is relevant to the PAC fraud charges, which require the Government to prove, *inter alia*, that Defendant improperly used PAC funds for personal expenses. (Super. Ind. pp. 51-56; see Doc. No. 68 at 6.) Ms. Colon's, Ms. Gonzalez's, and Ms. Cummings's testimony bear upon whether Defendant used funds for improper purposes; the Union League and Sporting Club records will demonstrate what expenses Defendant incurred at each venue.

Defendant argues that this testimony is irrelevant because his expenditures were all proper under state law. (See Def's. Mot. ¶ 6.) As I explained in my Order denying his Motion to dismiss the PAC fraud, the jury will make that determination. (See Doc. No. 68.) This evidence is highly probative to the jury's resolution of the PAC fraud claims.

Defendant also argues that this evidence must be excluded because Defendant would have to then to rebut this evidence, which would improperly compel Defendant to waive his Fifth Amendment privilege to explain the lawfulness of his expenditures. (Def's. Mot. at 9-13.) If this were correct it would preclude the Government from presenting *any* inculpatory evidence. That Defendant feels the need to explain the Government's evidence, whether by presenting a defense or by testifying, does not violate the Constitution. See Williams v. Florida, 399 U.S. 78, 84 (1970) ("That the defendant faces . . . a dilemma demanding a choice between complete silence and presenting a defense has never been thought an invasion of the privilege against compelled self-incrimination.").

Accordingly, I will deny Defendant's motion to exclude this testimony.

*City of Philadelphia and Philadelphia Ethics Board Representatives*

Defendant has moved to exclude the testimony of these two unidentified representatives, both of whom will testify as to Defendant's SFI and to the 2009 Board investigation. (Def's Mot. ¶¶ 7-8; Gov't Resp. at 60-62.) For reasons I have already stated, neither representative will be permitted to testify respecting the Ethics Board investigation unless Defendant opens the door to such evidence. If he does, the Government may seek again to introduce the evidence.

As I have also discussed, because Defendant's SFIs and Amended SFIs could show that he intentionally concealed gifts he received from the Business Owners and income that he received from his PAC, these representative may testify as to Defendant's SFIs and Amended SFIs.

It is unclear whether the Government intends to offer the City Representative and the Ethics Board representative to testify about both subjects. Accordingly, I will deny Defendant's Motion to exclude their testimony at this time.

*Sequestration*

Defendant asks me to order the Government to sequester its witnesses. (Def's. Mot. at 6.) Sequestration is governed by Rule 615, which provides in relevant part that:

> At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony. Or the court may do so on its own. But this rule does not authorize excluding: . . .
>
> (b) an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney; [or]
>
> (c) a person whose presence a party shows to be essential to presenting the party's claim or defense . . . .

Fed. R. Evid. 615.

The Parties agree that a designated federal "case agent" may be exempt from sequestration pursuant to Rule 615(b). United States v. Gonzalez, 918 F.2d 1129, 1138 (3d Cir.

1990). The Government agrees that it will sequester its non-agent witnesses, but argues that all its testifying case agents are exempt from sequestration. (Gov't Resp. at 64-68.) The Government has indicated that it will "likely" call FBI Special Agent Vicki Humphreys, that it "expect[s]" to present Special Agent Thomas Acerno, that it "will present" investigator auditor Cynthia Fusco, and that other agents, including Andrew Haugen, Jennifer Zenszer, and Michael Pohar will "likely not testify[.]" (Gov't Resp. at 64-65.)

The Third Circuit has not addressed whether I may exempt multiple testifying case agents from sequestration under Rule 615(b). Several Circuits have concluded that "the mandatory language of Rule 615 and the singular phrasing of the exception embodied in" Rule 615(b) permits the Government to exempt only a single case agent from sequestration. United States v. Farnham, 791 F.2d 331, 335 (4th Cir. 1986); see also United States v. Pulley, 922 F.2d 1283, 1286 (6th Cir. 1991). Others have concluded that the trial judge has discretion to exempt multiple case agents in complex cases. See United States v. Green, 293 F.3d 886, 892 (5th Cir. 2002); United States v. Jackson, 60 F.3d 128, 134 (2d Cir. 1995).

It appears that the Government seeks to exempt as many as three agents. In an abundance of caution, I will permit the Government to exempt only a single testifying case agent from sequestration pursuant to Rule 615(b). Moreover, the Government has not shown that any of the agents that it may or may not call is sufficiently "essential" to avoid sequestration pursuant to Rule 615(c). Accordingly, I will grant Defendant's motion to sequester.

In sum, I will grant Defendant's Motion to exclude the testimony of Aubrey Montgomery and to sequester witnesses, but will deny Defendant's Motion to exclude the testimony of Lynne Abraham, Monique Westcott, Zelli Colon, Lisette Gonzalez, Stacey Cummings, the City of Philadelphia Representative, the Ethics Board Representative, the Union League records, and the

Sporting Club records.

   IV.   Conclusion

The Government's and the Defendant's Motions are granted in part and denied in part. As I stated at the outset, my rulings are necessarily tentative because I have not heard any actual trial evidence. Accordingly, I will grant in part and deny in part both Motions without prejudice and with leave to renew during trial.

*   *   *

**AND NOW**, this 8th day of June, 2017, upon consideration of the Government's Motion to Admit Evidence Pursuant to Federal Rule of Evidence 404(b) (Doc. No. 54), Defendant's Response (Doc. No. 63), the Government's Reply (Doc. No. 70), Defendant's First Motion in Limine (Doc. No. 55), and the Government's Response (Doc. No. 60), it is hereby **ORDERED** that the Government's Motion (Doc. No. 54) is **GRANTED in part and DENIED in part without prejudice as follows:**

1. The Government may introduce evidence that, while serving as District Attorney, Defendant enforced the same state bribery law he is charged in this case with violating;

2. The Government may introduce evidence that, as the Inspector General of the City of Philadelphia between 2005 and 2008, Defendant enforced against others the same rules regarding the use of City vehicles that he is charged in this case with violating;

3. The Government may introduce Defendant's prior statements respecting state law reporting requirements made during the Philadelphia Ethics Board's Investigation and the related judicial proceeding; and

4. The Government may not refer to or otherwise introduce evidence that in 2008 and 2009, while successfully campaigning for the office of District Attorney for the City and County of

Philadelphia, Defendant was challenged and sanctioned for violating campaign finance and financial disclosure laws.

It is furthered **ORDERED** that Defendant's Motion (Doc. No. 55) is **GRANTED in part and DENIED in part without prejudice as follows:**

1. Aubrey Montgomery is precluded from testifying;

2. The Government shall sequester all witnesses, including all case agents, except for a single designated representative; and

3. Defendant's Motion is otherwise **DENIED**.

                                              **AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*
_____
Paul S. Diamond, J.