# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | : | CR#17-137 |
|---|---|---|
| v. | : | |
| RUFUS SETH WILLIAMS | : | |

## RUFUS SETH WILLIAMS' RESPONSE TO THE GOVERNMENT'S SUPPLEMENT TO AND REPLY IN SUPPORT OF MOTION TO ADMIT EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)

### I. INTRODUCTION

In the Government's Supplement To and Reply in Support of Motion to Admit Evidence Pursuant To Federal Rule of Evidence 404(b) ("Supplemental Motion"), the government seeks to introduce additional evidence of other acts the government believes are somehow relevant in the prosecution of Rufus Seth Williams ("Williams"). Specifically, the government wants to introduce evidence of a debt Williams owed to an employee, Zeli Colon ("Colon"). The government also seeks to introduce evidence that Williams accepted round trip airline tickets from Business Owner #2 in 2011 – an act that preceded the acts alleged in the Superseding Indictment. For the following reasons, the governments Supplemental Motion should be denied.

### II. DISCUSSION

#### A. Indebtedness to Zeli Colon

The government seeks to introduce evidence that Williams borrowed money from Colon, which he did not fully repay. Specifically, the government wants to introduce evidence that

1

Create PDF files without this message by purchasing novaPDF printer (http://www.novapdf.com)

Colon let Williams use her personal credit card and also obtained an American Express card ("Amex Card") in Williams' name on her personal account. While Williams repaid Colon for the charges he incurred, he allegedly fell behind on his repayments and accrued a debt of less than $2,000. The government now makes the incredible claim that evidence of this debt is relevant because it show Williams' "…was under acute financial distress" and therefore "provides the motive for every unlawful act alleged in the indictment." This claim belies the fact that there exists not one shred of evidence that Williams allegedly committed the charged offenses in order to repay Colon. Indeed, there is no evidence that Colon was repaid with funds from either Business Owner #1, Business Owner #2, or the PAC. The government seeks to introduce this evidence in order to portray Williams as a deadbeat. This is exactly the sort of negative character evidence that is prohibited.

In the government's Supplemental Motion, the government claims evidence of the debt to Colon is not the type of evidence that risks an improper propensity inference and, therefore, is not subject to the strictures of Rule 404(b). The government, of course, conveniently ignores the plain language of that rule and seeks to introduce exactly that which the rule proscribes – evidence of bad character. In short, the government seeks to tar Williams as someone that can't pay his debts.

Federal Rule of Evidence 404 provides, in relevant part:

(b) Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident...

2

[Create PDF](http://www.novapdf.com) files without this message by purchasing novaPDF printer (http://www.novapdf.com)

The purpose of Rule 404(b) is to protect an accused's constitutional right to a fair trial from the tendency that bad character evidence will weigh too much with the jury and to so over-persuade them as to prejudge one with a bad general record and deny him a fair opportunity to defend against a particular charge.  United States v. Sampson, 980 F.2d 883, 886 (3d Cir.1992)(quoting Michelson v. United States, 335 U.S. 469, 475-76 (1948)).

The Third Circuit has adopted the United States Supreme Court's four-prong test to determine whether evidence of the other crimes, wrongs or acts allegedly committed by a charged defendant are admissible under the Federal Rule of Evidence 404(b). *See* Huddleston v. United States, 485 U.S. 681 (1988); United States v. Scarfo, 850 F.2d 1015 (3d Cir. 1988), cert. denied, 488 U.S. 910 (1988). According to the Huddleston test, evidence of prior bad acts (1) must have a proper purpose under Rule 404(b); (2) it must be relevant under Federal Rule of Evidence 402; (3) its probative value must outweigh its potential to unfairly prejudice the defendant under Federal Rule of Evidence 403; and, (4) the court must instruct the jury to consider the prior bad acts evidence for its limited proper purpose only. Scarfo, 850 F.2d at 1019 (citing Huddleston, 485 U.S. at 691-92).

The Third Circuit has emphasized that Fed.R.Evid. 404(b) generally prohibits the admission into evidence of extrinsic acts intended to prove a defendant's propensity for crime **or to suggest to the jury unfavorable inferences reflecting on his character.** Scarfo, 850 F.2d at 1018. (Emphasis added).  Furthermore, Rule 404(b) dictates that other crimes or bad acts evidence may be used only to prove a limited number of criminal elements. The Rule specifically states that other crimes evidence may be used to prove motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.  While the Third Circuit has

3

[Create PDF](http://www.novapdf.com) files without this message by purchasing novaPDF printer (http://www.novapdf.com)

recognized that prior bad acts evidence may also be used to provide background information concerning the defendant and the perpetration of the offense, Id. at 1019., such evidence in this case is wholly unnecessary and is substantially outweighed by its' unfairly prejudicial impact upon the trier of fact.

The government fails to credibly articulate a proper purpose for this evidence. As seen above, the government claims the purpose of this evidence is to show Williams' "…was under acute financial distress" and therefore "provides the motive for every unlawful act alleged in the indictment." This sweeping proclamation is rebutted by the very evidence the government now seeks to introduce. In fact, the government concedes Williams regularly repaid the charges he incurred on Colon's personal card and the AMEX Card. Incredibly, the government claims while Williams may have an outstanding debt of less than $2,000, this evidence provides the very motive "for every unlawful act alleged in the indictment." That claim is absurd. To suggest a debt of less than $2,000 shows evidence of "acute financial distress" and provides the "motive for every unlawful act alleged in the indictment" is disingenuous. The government's attempt to introduce this bad character evidence is undeniably intended to portray Williams as a deadbeat.

The governments' claim that this additional evidence is being introduced for proper, non-propensity purposes, is pure pretext. This additional evidence is being sought to embarrass Williams, confuse the jury and is not relevant to the counts charged in the Superseding Indictment. It is a blatant attempt to smear Williams and nothing more. Accordingly, the government fails the first prong of the Huddleston test.

In addition to serving a proper purpose, evidence of prior bad acts must be logically relevant, under Rules 404(b) and 402, to any issue other than the defendant's propensity to

4

[Create PDF](http://www.novapdf.com) files without this message by purchasing novaPDF printer (http://www.novapdf.com)

commit the crime.  United States v. Palma-Ruedes, 121 F.3d 841, 851 (3d Cir. 1997).  Consequently, before evidence of prior bad acts will be admitted, the government is required to articulate clearly how that evidence fits into a chain of logical inferences, no link of which can be the inference that because the defendant committed offenses before, he therefore is more likely to have committed this one.  United States v. Morley, 199 F.3d 129, 137 (3d Cir. 1994) (quoting Sampson, 980 F.2d at 886-87). Prior bad acts are not inherently relevant to the proper purposes articulated under Rule 404(b). Sampson, 980 F.2d at 888. Evidence is relevant where there is a relationship between the evidence and a material fact at issue which must be demonstrated by reasonable inferences that make a material fact more probable or less probable than it would be without the evidence.  Id.; see also Federal Rule of Evidence 401.  Simply stated, whether or not Williams owed Colon a debt of less than $2000 does not make it more likely that he committed the acts alleged in the Superseding Indictment.  Accordingly, the government fails the second prong of the Huddleston test.

Next, Federal Rule of Evidence 403 provides that relevant evidence may be excluded if its probative value is substantially outweighed by its propensity to unfairly prejudice the defendant, confuse the ultimate issues in controversy or otherwise mislead the jury, or impact other trial concerns.  See, United States v. Van Horn, 277 F.3d 48, 57 (1st Cir. 2002); United States v. Brugman, 364 F.3d 613, 620 (5th Cir. 2004); United States v. Joseph, 310 F.3d 975, 978 (7th Cir. 2002); United States v. Mejia-Uribe, 75 F.3d 395 (8th Cir.1996), cert. denied, 519 U.S. 855 (1996); United States v. Spillone, 879 F.2d 514 (9th Cir.1989), cert. denied, 498 U.S. 878 (1990); United States v. Pollock, 926 F.2d 1044 (11th Cir. 1991), cert. denied, 502 U.S. 985 (1991).  Assuming *arguendo*, Williams debt to Colon in fact possesses some small amount of

5

[Create PDF](http://www.novapdf.com) files without this message by purchasing novaPDF printer (http://www.novapdf.com)

probative value, then the unfair prejudicial impact to Williams as a result of the admission of this evidence substantially outweighs any possible probative value.

Create PDF files without this message by purchasing novaPDF printer (http://www.novapdf.com)

Indeed, proposed evidence of prior bad acts must possess probative value that is not substantially outweighed by unfair prejudice. See, e.g., United States v. Mastrangelo, 172 F.3d 288, 294-95 (3d Cir. 1999)(citing Huddleston, 485 U.S. at 691-92). Unfair prejudice arises when concededly relevant evidence... lure[s] the factfinder into declaring guilt on a ground different from proof specific to the offense charged. United States v. Ramos, 971 F.Supp. 186, 194 (E.D.Pa. 1997)(quoting Old Chief v. United States, 519 U.S. 172, 180 (1997)), aff'd, 151 F.3d 1027 (3d Cir. 1998). In determining whether the danger of unfair prejudice substantially outweighs the probative value of an item of evidence, "**we must assess the genuine need for the challenged evidence and balance that necessity against the risk that the information will influence the jury to convict on improper grounds**." United States v. Sriyuth, 98 F.3d 739, 747-48 (3d Cir. 1996), cert. denied, 519 U.S. 1141 (1997)(quoting Scarfo, 850 F.2d at 1019)(Emphasis added). The need for this evidence is to be considered in view of the contested issues and other evidence available to the prosecution, and the strength of the evidence in proving the issue. Sriyuth, 98 F.3d at 748 (quoting United States v. Cook, 538 F.2d 1000, 1003 (3d Cir. 1976)).

Here, evidence of Williams' debt to Colon doesn't tend to prove any of the charged offenses. In fact, the government has access to law enforcement witnesses, the testimony of two cooperating witnesses and thousands of documents to attempt to establish all the material elements of the charged counts. The government should not be allowed to bootstrap their case against Williams with unfairly prejudicial evidence of a debt owed to Colon. Accordingly, the government fails the third prong of the Huddleston test.

Bad character evidence generally runs the risk of improperly influencing a jury. See, e.g., Sampson, 980 F.2d at 886 (3d Cir. 1992) (quoting Michelson v. United States, 335 U.S. 469,

7

[Create PDF](http://www.novapdf.com) files without this message by purchasing novaPDF printer (http://www.novapdf.com)

475-76 (1948)). Such a risk exist[s] where there are substantial possibilities ... that a jury will harbor strong adverse sensitivity to the challenged evidence. Sriyuth, 98 F.3d at 748 (quoting Cook, 538 F.2d at 1004). The risk that evidence concerning Williams' failure to pay back Colon will improperly influence the jury to consider and convict Williams upon impermissible evidence of bad character is real. A curative instruction in this case, asking the jury to consider that evidence for its so-called limited purpose, is a legal fiction – especially when the government's proffered purpose is pure pretext. Accordingly, there is no basis to believe that the jury will cull the proper inferences and material facts from the evidence and not consider bad character evidence when judging Williams. Sampson, 980 F.2d. at 889. The government's claim that a talismanic cautionary instruction can cure any error in admitting this evidence is simply not true. Accordingly, the fourth prong of Huddleston fails.

### B. Additional Trip Provided By Business Owner #2.

The government also seeks to introduce evidence that Williams accepted round trip airline tickets to Key West for himself and family members in March 2011 from Business Owner #2. Although this specific trip was not previously alleged in the Superseding Indictment, the government nevertheless claims this evidence is relevant to show Williams' knowledge and intent, and absence of mistake with respect to the counts involving Business owner #2.

There is no genuine need for this proffered evidence. This additional evidence preceded the conduct charged by over one year. While Williams concedes that evidence of the additional trip may have marginal relevance and probative value, exhaustive evidence of this type is unduly prejudicial and runs the danger of inflaming the jury. The Court should place temporal limits upon the government's ability to introduce acts that preceded the charged conduct by over a year. Accordingly, this evidence should be excluded to avoid the risk of unfair prejudice to Williams.

8

[Create PDF](http://www.novapdf.com) files without this message by purchasing novaPDF printer (http://www.novapdf.com)

**WHEREFORE**, defendant Williams respectfully moves this Honorable Court to enter an order denying the governments Supplemental Motion.

Respectfully Submitted:

/s/***Thomas F. Burke*** _____
Thomas F. Burke, Esquire

Create PDF files without this message by purchasing novaPDF printer (http://www.novapdf.com)

## CERTIFICATE OF SERVICE

And now, on the **12th** day of **June, 2017**, **Thomas F. Burke, Esquire**, being duly sworn according to law, hereby certifies that a true and correct copy of the foregoing supplemental motion was served upon the following individuals:

**Clerk's Office**
**U.S. District Court for the Eastern District of Pennsylvania**
2609 U.S. Courthouse
601 Market Street
Philadelphia, Pennsylvania  19106-1797
**VIA ECF**

**Honorable Paul S. Diamond**
**U.S. District Court for the Eastern District of Pennsylvania**
6613 U.S. Courthouse
601 Market Street
Philadelphia, Pennsylvania  19106-1797
**VIA ECF**

**Vineet Gauri, Esquire**
**Eric Moran, Esquire**
**Assistant United States Attorney**
Eastern District of Pennsylvania
Suite 1250
615 Chestnut Street
Philadelphia, Pennsylvania  19106
**VIA ECF**

*/s/ Thomas F. Burke, Esquire*
**THOMAS F. BURKE, ESQUIRE**
**Attorney for Rufus Seth Williams**

10

[Create PDF](http://www.novapdf.com) files without this message by purchasing novaPDF printer (http://www.novapdf.com)