IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

UNITED STATES                              ) *No.: 2:17-CR-00137*

                                           )
                        **Plaintiff,**     )
                                           )
        *v.*                               )
RUFUS SETH WILLIAMS                        ) **JURY TRIAL REQUESTED**
                                           )
                        **Defendant    .** )
                                           )


# MOTION TO RECONSIDER PETITION  TO INTERVENE AND COMBINE CASES (5:16-cv-04108) AND SUMMARY JUDGEMENT

NOW COME, Jeffrey Cutler, Plaintiff in a related case.  Mr.  Cutler is the elected Tax Collector of East Lampeter Township.  Mr.  Cutler was elected based on a single write-in vote and getting marble number 2 in a tie breaking drawing.  Three persons all received  a single write-in vote. Mr.  Cutler since making the original petition has since **BEEN THREATENED WITH ARREST** by the **East Lampeter Township Police department** if he attempts to further his education at **Central Penn College**.  Mr. Cutler had also previously tried to intervene to assist 2 African American individuals he has never met to formally **Defend the Constitution** (as required by his Oath of Office) that have been held **WITHOUT TRIAL FOR OVER 4 YEARS**. Jamaal Harris and Andrew Miller are also not being provided due process, and are not in related cases. Mr. Miller is not skilled enough to even create his own legal documents.  They are both African American individuals.  Mr. Cutler is only aware of Mr. Miller because of a friend in the Seven Day Aventis Church.  Not including Mr. Cutler as part of the this trial with the same jury would prevent exculpatory evidence in favor of Mr. Williams from being presented and denies Mr. Cutler's due process. Jon Corzine was never prosecuted for the theft of about 700 million

dollars yet Mr. Williams is being targeted and destroyed for less than 200,000 dollars. Jeffrey Cutler started trying to formally **Defend the Constitution** (as required by his Oath of Office, just like the Oath of office **President Donald J. Trump took on 20JAN2017**).  It appears that the government has made it legal to **discriminate because of race and religion**  and how you pray, if it is not the preferred religion of those in office,  **in violation of the U.S. Constitution amendment 1**.

As previously stated in a document filed by Drew Deyo on March 16, 2016 the only way to remove an elected official is specified in Article VI, Section 7 of the Pennsylvania Constitution. Unknown persons are guilty of 18 U.S.C. § 1346, **Honest Services Fraud, Obstruction of Justice, Tampering with Official documents, violations of "Due Process" and other violations of both Federal and Pennsylvania Law.**  Mr. Cutler was removed from office by a 2 hour hearing, in which he was he was notified by phone the day before at 3:45. Mr. Cutler believes the FBI, or other government actors interference have prevented him and others from being represented by **any lawyer**.  As of this date the appeal in Commonwealth Court has still not been started.  George Soros has been accused of bribing individuals to lie just to get people. Based on these events Jeffrey Cutler requests his petition to INTERVENE of this case in United States court be combined with case 2:17-cv-00984, 5:16-cv-04108 and the same jury.  This case and 2:17-cv-00984 involve removal of elected officials and 18 U.S.C. § 1346, Honest Services Fraud. Although drugs may not be involved parts of the Lancaster County government and Mr. Hutchinson are probably guilty of all the other provisions of United States Code, 21 U.S.C. § 848, a Continuing Criminal Enterprise.

Respectfully submitted:

Jeffrey Cutler

By: _____ DATE 29JUNE2017

P.O. Box 2806
York, PA  17405-2806
(215) 872-5715

THE GOVERNMENT HAS MONITORED
MY PROGRESS & SUDDEN FLOD DATA
SHOWS EXAMPLE OF MISCONDUCT BY
THIS GOVERNMENT.

29 Jun 2017

~~IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA~~
IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

UNITED STATES,                          :
        Plaintiff               :        DOCKET NO. 2:17-cr-00137
      v.                           :
                        :
RUFUS SETH WILLIAMS,                    :
        Defendant               :
                        :
                        :        **JURY TRIAL DEMANDED**

## CERTIFICATE OF SERVICE

I Jeffrey Cutler, do hereby certify that I this day served a copy of *Petition to Intervene* to All upon the following by directly serving to lawyers of record that are not part of the CM/ECF System via U.S. first class mail or email, postage prepaid, addressed as follows:

WGAL KATELYN SMITH
18 S GEORGE STREET
YORK, PA 17402

*[handwritten:]* JAMAL HARRIS
LANCASTER COUNTY PRISON
625 EAST KING STREET
LANCASTER, PA 17607

Respectfully Submitted,
Jeffrey Cutler

Date: *29 JUN 2017*

Jeffrey Cutler, *pro se*
215-873-5715 (phone)
P.O. Box 2806
York, PA 17405

# UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES** | ) *No.: 2:17-CR-00137* | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| **RUFUS SETH WILLIAMS** | ) | |
| | ) | |
| **Defendant** . | ) | |
| | ) | |

## PETITION TO INTERVENE AND MOTION TO COMBINE CASES and SUMMARY JUDGEMENT

AND NOW, this_____ day of _____, 2017 upon consideration  Defendant's

Motion for Summary Judgment and for good cause shown, it is hereby ORDERED the

Motion is GRANTED.

SO ORDERED.

a. If SUMMARY JUDGEMENT IS **NOT IMMEDIATELY ORDERED**,  **ALLOW FOR ORAL ARGUMENTS**.in this case immediately.

b. Order the United States Government  to stop collecting or accessing penalties **FOR FAILURE** to comply *with established tenets or teachings of such sect or division of ANY religion* <u>in violation of the U.S.</u>

c. Reinstate the Mr. Cutler's free access to the county building at 150 N. Queen Street.

d. Reinstate the Mr. William's law license.

e. Release Mr. Jamaal Harris and Andrew Miller.

f. Order ASPIRA to turn over all emails, meeting notes, attorney conversations, used to cover up acts of conspiracy and payments to ANY elected officials in Pennsylvania, or relatives of elected officials or their proxies.

g. Declare that the Pennsylvania Real Estate Tax System is NOT UNIFORM and violates the Constitution of Pennsylvania and is used to pay ASPIRA.

h. Order Lancaster County to pay all legal costs of Mr. Cutler, just like they are paying the legal costs of the Sheriff of Lancaster County.

i. Order a federal Jury trial for the Mandamus action from the case of # CI-15-05424, because Mr. Hutchinson made a false statement to the court in his verification 12/8/2015 which was delivered to defendant by United States Mail and judge Miller made false statements in court and violated **Honest Services Fraud** 18 U.S.C. § 1346.

j. Order a directed verdict in favor of Jeffrey Cutler in Lancaster County Court for case CI-16-10261 and a penalty of ten times (**9x**) for the maximum amount allowed by law because of criminal activity (Mail Fraud C#1873463).

k.  Order a directed verdict in favor of Jeffrey Cutler in Lancaster County Court for case CI-16-09640 and a penalty of ten times (**9x**) for the maximum amount allowed by law because of criminal activity (Mail Fraud C#1873463).

l.  Order a directed verdict in favor of Jeffrey Cutler in Lancaster County Court for case CI-15-5682 and a penalty of ten times (**9x**) for the maximum amount allowed by law because of criminal activity (Mail Fraud C#1873463).

m.  Declare that the Pennsylvania Real Estate Tax System is NOT UNIFORM and violates the Constitution of Pennsylvania.

n.  Order a release of Lisa Michelle Lambert, and life sentence commuted to time served because of court violations and massive corruption as demonstrated by this case and federal court cases 1:16-cv-1159/case 16-3164 to the United States Court of Appeals for the Third Circuit of Pennsylvania

o.  Order a federal Jury trial for the Mandamus action from the case of # CI-15-05424, because Mr. Hutchinson made a false statement to the court in his verification 12/8/2015 (Mail Fraud #1773989), which was delivered to defendant by United States Mail and judge Miller made false statements in court and violated **Honest Services Fraud** 18 U.S.C. § 1346.

p.  Order East Lampeter Township/Lancaster County to pay for Health Care Insurance of Tax Collector in compliance with the Affordable Care Act, since the filing of all the legal challenges by East Lampeter Township makes the office of Tax Collector a full time job exceeding 40 hours per week.

q.  Order East Lampeter Township/Lancaster County to pay all current and past due postage of Tax Collector as required by LAW and all future postage by postage meter or first class permit owned by East Lampeter Township.

r.  Order a continuance of at least a minimum of 30 days, or 30 days after East Lampeter Township has produced supporting documents for their claim of legal costs.

s.  Order all discovery to not be limited to an arbitrary period but no longer than the discovery period of the emails in the server incident of Hillary Clinton.

t.  Order all parties to acknowledge to the court they had no prior knowledge of a recorded incident of illegal trespass and entry at the apartment of Jeffrey Cutler at 67 Cambridge Village on 10JAN2016 at approximately 2:45 PM and at any other time since 10NOVV2013 to date.

u.  Provide all surveillance documentation of Jeffrey Cutler made from 57 Cambridge Village by the East Lampeter Township Police Department and at any other times including the filing of the eviction lawsuit and the actual hearing at the district justice office.

v.  Provide a list of persons involved in the Obstruction of Justice and Tampering with United States Mail, including the blocking of a Summons being served on Joseph A. Milligan of the FBI.

w.  Provide all meeting minutes, phone records and documentation supporting these acts of MAIL FRAUD, since participation in a crime eliminates any attorney/client privacy rights.

x.  Provide documentation to the court of how much all court costs and legal fees have been to date, and list cost or legal hours and **ALL LEGAL FIRMS** used to try to change the outcome of a certified election in all future actions

with the court by East Lampeter Township. Legal fee documentation should start with the actions of the solicitor on and East Lampeter Township starting in 05NOV2013. This is documented to be in excess of $ 38,000.00 based on court transcripts.

y. Provide documentation to the court of how much all police salary costs and legal fees have been to date, and list all police officers involved, in all jurisdictions including the Pennsylvania State Police on 10JANUARY2015 used to try to change the outcome of a certified election because Mr. Cutler is Jewish.

z. Order East Lampeter Township to turn over all records of all persons or agents, (Paid and Unpaid) and list all violations of Mr. Cutler's fourth amendment right including the tampering and administration of any drugs to Mr. Cutler

aa. Order East Lampeter Township to pay the legal costs of Tax Collector or at minimum Order East Lampeter Township to pay the legal costs of Tax Collector defending the first 2 claims of this Mandamus action which were withdrawn.

bb. Order East Lampeter Township to reveal all persons or individuals that have expressed interest in this case, especially any officials of the United States Government.

cc. Order Susan Peipher Esquire, East Lampeter Township and unnamed others show cause why they should not be charged with violations of the RiCCO ACT.

dd. Order the Democratic National Committee, East Lampeter Township, and Lancaster County elected officials to also show why they are not a party to Religious discrimination.

ee. Order Ron Martin and WGAL to reveal all payments and meeting minutes concerned with trying to get Mr.Cutler and associated parties and pay a a One Million Dollar penalty. Order all meetings that WGAL was a part of to conceal violations of the **ACA AND ESTABLISHMENT CLAUSE OF THE CONSTITUTION** AND show cause why they should be granted continuing broadcast rights in the United States to this court.

ff. Order Ron Martin and WGAL to reveal all payments and meeting minutes, emails concerned with trying to get the president and promote the Russia hacking story.

gg. Order the FBI to reveal any information about the assassination of Seth Rich and the ballistics and history of the gun used in the crime.

hh. Order Ron Martin and WGAL to provide **equal time Live** for every broadcast that Mr. Cutler was mentioned and disparaged

ii. Order all parties in this case to swear they have no knowledge of any Anti-Jewish activity that occurred in Pennsylvania after Mr. Cutler's case was docketed for the Pennsylvania Supreme court.

jj. Reinstate Mr. Cutler's access to the **DEVNET** system and penalize Lancaster County/Amber Green a One Million Dollar per day penalty until access is granted, just like the other Tax Collectors of Lancaster County.

kk. Reinstate the Mr. Cutler's free access to the county building at 150 N. Queen Street.

ll. Order ASPIRA to turn over all emails, meeting notes, attorney conversations, used to cover up acts of conspiracy and payments to ANY elected officials in Pennsylvania, or relatives of elected officials or their proxies.

mm. Declare that the Pennsylvania Real Estate Tax System is NOT UNIFORM and violates the Constitution of Pennsylvania and is used to pay ASPIRA.

nn. Order Lancaster County to pay all legal costs of Mr. Cutler, just like they are paying the legal costs of the Sheriff of Lancaster County.

oo. Order a federal Jury trial for the Mandamus action from the case of # CI-15-05424, because Mr. Hutchinson made a false statement to the court in his verification 12/8/2015 which was delivered to defendant by United States Mail and judge Miller made false statements in court and violated **Honest Services Fraud** 18 U.S.C. § 1346.

pp. Order a Federal Review of he Lancaster County court system and incarceration without trial of people they want to "GET" like Mr. Jamaal Harris and Mr. Andrew Miller and prison sentences of minority individuals of crimes like Temar Boggs they want to destroy.

qq. Order East Lampeter Township/Lancaster County to pay the legal costs of Tax Collector defending the first 2 claims of this Mandamus action which were withdrawn because of MAILFRAUD of Susan Peipher/ Ralph Hustchinson (**9x**) for the maximum amount allowed by law because of criminal activity (Mail Fraud #1773989) or at minimum $50,000.00, to be paid from a reduction of the pensions of the individuals involved, so as not to burden the taxpayers of Pennsylvania with these fines.

rr. Order a directed verdict in favor of Jeffrey Cutler in Lancaster County Court for case CI-16-10261 and a penalty of ten times (**9x**) for the maximum amount allowed by law because of criminal activity (Mail Fraud C#1873463).

ss. Order a directed verdict in favor of Jeffrey Cutler in Lancaster County Court for case CI-16-09640 and a penalty of ten times (**9x**) for the maximum amount allowed by law because of criminal activity (Mail Fraud C#1873463).

tt. Order a directed verdict in favor of Jeffrey Cutler in Lancaster County Court for case CI-15-5682 and a penalty of ten times (**9x**) for the maximum amount allowed by law because of criminal activity (Mail Fraud C#1873463).

uu. Declare that the Pennsylvania Real Estate Tax System is NOT UNIFORM and violates the Constitution of Pennsylvania.

vv. Order a federal Jury trial for the Mandamus action from the case of # CI-15-05424, because Mr. Hutchinson made a false statement to the court in his verification 12/8/2015 (Mail Fraud #1773989), which was delivered to defendant by United States Mail and judge Miller made false statements in court and violated **Honest Services Fraud** 18 U.S.C. § 1346.

ww. Order East Lampeter Township/Lancaster County to pay for Health Care Insurance of Tax Collector in compliance with the Affordable Care Act, since the filing of all the legal challenges by East Lampeter Township makes the office of Tax Collector a full time job exceeding 40 hours per week.

xx. Order East Lampeter Township/Lancaster County to pay all current and past due postage of Tax Collector as required by LAW and all future postage by postage meter or first class permit owned by East Lampeter Township.

yy. Order a continuance of at least a minimum of 30 days, or 30 days after East Lampeter Township has produced supporting documents for their claim of legal costs.

zz.  Order all discovery to not be limited to an arbitrary period but no longer than the discovery period of the emails in the server incident of Hillary Clinton.

aaa. Order all parties to acknowledge to the court they had no prior knowledge of a recorded incident of illegal trespass and entry at the apartment of Jeffrey Cutler at 67 Cambridge Village on 10JAN2016 at approximately 2:45 PM and at any other time since 10NOVV2013 to date.

bbb. Provide all surveillance documentation of Jeffrey Cutler made from 57 Cambridge Village by the East Lampeter Township Police Department and at any other times including the filing of the eviction lawsuit and the actual hearing at the district justice office.

ccc. Provide a list of persons involved in the Obstruction of Justice and Tampering with United States Mail, including the blocking of a Summons being served on Joseph A. Milligan of the FBI.

ddd. Provide all meeting minutes, phone records and documentation supporting these acts of MAIL FRAUD, since participation in a crime eliminates any attorney/client privacy rights.

eee. Provide documentation to the court of how much all court costs and legal fees have been to date, and list cost or legal hours and **ALL LEGAL FIRMS** used to try to change the outcome of a certified election in all future actions with the court by East Lampeter Township.  Legal fee documentation should start with the actions of the solicitor on and East Lampeter Township starting in 05NOV2013.  This is documented to be in excess of $ 38,000.00 based on court transcripts.

fff.  Provide documentation to the court of how much all police salary costs and legal fees have been to date, and list all police officers involved, in all jurisdictions including the Pennsylvania State Police on 10JANUARY2015 used to try to change the outcome of a certified election because Mr. Cutler is Jewish.

ggg. Order East Lampeter Township to turn over all records of all persons or agents, (Paid and Unpaid) and list all violations of Mr. Cutler's fourth amendment right including the tampering and administration of any drugs to Mr. Cutler

hhh. Order East Lampeter Township to pay the legal costs of Tax Collector or at minimum Order East Lampeter Township to pay the legal costs of Tax Collector defending the first 2 claims of this Mandamus action which were withdrawn.

iii.  Order Susan Peipher Esquire, East Lampeter Township and unnamed others show cause why they should not be charged with violations of the RiCCO ACT.

jjj.  Order the Democratic National Committee, East Lampeter Township, and Lancaster County elected officials to also show why they are not a party to Religious discrimination.


Dated: ____, 2017_____                               _____

                                                                              BY THE COURT

SUMMARY OF CASES INVOLVED IN THIS REQUEST

FEDERAL COURT EASTERN DISTRICT OF PENNSYLVANIA 5:17-cv-00447
FEDERAL COURT EASTERN DISTRICT OF PENNSYLVANIA 5:16-cv-04108
FEDERAL COURT EASTERN DISTRICT OF PENNSYLVANIA 2:117-cv-00984
FEDERAL COURT EASTERN DISTRICT OF PENNSYLVANIA 2:16-cv-06287-PD
FEDERAL COURT EASTERN DISTRICT OF PENNSYLVANIA 2:17-cr-00137-PD
FEDERAL COURT SOUTHERN DISTRICT OF NEW YORK 1:17-cv-02726
FEDERAL COURT SOUTHERN DISTRICT OF FLORIDA 0:16-cv-65511
USCA THIRD CIRCUIT 16-3164
FEDERAL COURT MIDDLE DISTRICT PA 1:16-cv-1159
LANCASTER COUNTY COURT CI-17-0568
LANCASTER COUNTY COURT CI-15-05424
LANCASTER COUNTY COURT CI-15-05682
LANCASTER COUNTY COURT CI-16-09640
LANCASTER COUNTY COURT CI-16-10261
FEDERAL COURT EASTERN DISTRICT OF PENNSYLVANIA 2:96-cv-06244
FEDERAL COURT EASTERN DISTRICT OF PENNSYLVANIA 97-cv-05034
DC FEDERAL COURT 1:13-cv-2066
DC FEDERAL COURT 1:17-cv-01074
DC USCA 14-5183
SUPREME COURT OF UNITED STATES 15-632
FEDERAL COURT EASTERN DISTRICT OF PENNSYLVANIA 78-165-1 (SEQUESTERD JUROR)

## SUMMARY OF CIVIL RIGHTS VIOLATIONS

1. The limitation of an elected official to petition the Government for redress of grievances" violates the U.S. Constitution amendment 1.

2. The ability of the United States Government to collect or access penalties FOR FAILURE to comply with established tenets or teachings of such sect or division of ANY religion is in violation of the U.S. Constitution amendment 1

3. Warrantless search or seizure before an individual has been convicted of any crime, is in violation of the U.S. Constitution amendment 4.

4. The prevention of equal treatment in federal court is in violation of the U.S. Constitution amendment 5.

5. The prevention of the right to a jury trial is in violation of the U.S. Constitution amendment 6.

6. The prevention of the ability to call witnesses is in violation of the U.S. Constitution amendment 6.

7. The prevention of a jury trial in a civil matter exceeding a $ 20.00 fine is in violation of the U.S. Constitution amendment 7.

8. The prevention of equal treatment in state court is in violation of the U.S. Constitution amendment 14.

9. The requirement to have an armed escort in public building of Lancaster County violates equal treatment of the U.S. Constitution amendment 14.

10. The prevention of an elected official of Lancaster County access to the DEVNET system violates equal treatment of the U.S. Constitution amendment 14.


IMPORTANT EXHIBITS OF CASES FOLLOW

*** THIS PAGE INTENTIONALLY LEFT BLANK ***



THE FEDERAL LAW ENFORCEMENT AND SECURITY ARM OF THE U.S. POSTAL SERVICE

# U.S. POSTAL INSPECTION SERVICE

**Mail Fraud Complaint**                     <u>**Exhibit A**</u>

### Your Information

| | |
|---|---|
| Company Name: | |
| * First Name: | Jeffrey |
| * Last Name: | Cutler |
| * Address: | 67 Cambridge Village |
| * City: | Lancaster |
| * State: | Pennsylvania |
| * ZIP Code: | 17602 |
| * Country: | UNITED STATES |
| Cell Phone: | (215) 872-5715 |
| Work Phone: | (717) 390-9921 |
| Home Phone: | (717) 854-4718 |
| Fax: | |
| Email Address: | eltaxcollector@gmail.com |
| Age Range: | 55-64 |

### Complaint Filed Against

| | |
|---|---|
| Company Name: | East Lampeter Township |
| First Name: | Ralph |
| Last Name: | Hutchinson |
| Address: | 2250 Old Philadelphia Pike |
| City: | Lancaster |
| State: | Pennsylvania |
| ZIP Code: | 17602 |
| Country: | UNITED STATES |
| Cell Phone: | |
| Work Phone: | (717) 393-1567 |
| Home Phone: | |
| Fax: | |
| Email Address: | |
| Website Address: | |

### How Were You Contacted?

| | |
|---|---|
| How were you contacted? | US Mail |
| On what date were you contacted? | 12/12/2015 |
| Do you have the envelope it was mailed in? | ⊙ Yes  ○ No |
| Does the envelope have a permit number? | ○ Yes  ⊙ No |
| Does the envelope have a postage meter number? | ⊙ Yes  ○ No |
| Postage Meter Number: | 011E11670467 |

## COMPLAINT # 1773989

Mail Fraud Complaint form submitted successfully.

Thank you for completing the form.

The information you provided will be entered into our national complaint system.

Exhibit A Page   1   of   1

**VERIFICATION**

I, Ralph M. Hutchison, verify that I am the Township Manager of EAST LAMPETER
TOWNSHIP, and as such, I am authorized to make this Verification on its behalf, and I verify
that the statements made in the foregoing Petition for Preliminary Injunction and Writ of
Mandamus are true and correct to the best of my knowledge, information and belief. This
Verification is subject to the penalties of 18 Pa.C.S.A. § 4904, relating to unsworn falsification to
authorities.

EAST LAMPETER TOWNSHIP

Dated: _12/8/15_            By: _____
                                 Ralph M. Hutchison, Township Manager

#00838291 / 41005.575

(717) 390-9921
(215) 872-5715
(717) 854-4718



**Tax Collector**
**East LampeterTownship**
2250 Old Philadelphia Pike
Lancaster, PA  17602

June 28, 2017

Central Penn College
Attn; Dr. Karen Scolforo
600 Valley Road
P.O. Box 309
Summerdale, PA   17093-0309

## Re: <u>ETHNIC DISCRIMINATION</u> AT CENTRAL PENN COLLEGE

Dear Karen;

On June 27, 2017, I walked into the office of Central Penn College in Lancaster to inquire about courses being offered in July.  I have a degree from **Drexel University** in Electrical Engineering, but thought I would possibly like to take a course during the summer.  I asked about what was being offered.  I saw the course list and asked about the nature of some of the courses.  There was a course about **Homeland Security**. I mentioned I had detected hacks on my computer usage from individuals from Finland and Saudi Arabia.  I was told the price per credit hour and left the site.

Later that evening I got a call from an officer of the **East Lampeter Township** police department and told **I WILL BE ARRESTED** if I enter the site again.  I went to the township office and requested a copy of the complaint.  They told me it was a **Report**.  They told me I have to file a **Right To Know** request to get a copy of the **Report**.

Three of my vehicles have been previously vandalized in East Lampeter Township, and a Swastika was keyed on the side of one vehicle.

Please get back to me ASAP, about this matter.  My email address is
eltaxcollector@gmail.com.

I attached 2 documents you may find informative about this and me.

Sincerely,


Jeffrey Cutler
Tax Collector East Lampeter Township, Pennsylvania



# EAST LAMPETER TOWNSHIP
# POLICE DEPARTMENT
2250 Old Philadelphia Pike Lancaster, PA 17602
Dispatch (717) 664-1180 Toll Free 1-800-957-2677
Office (717) 291-4676 Fax (717) 291-4671

CHIEF OF POLICE
John M. Bowman

CAPTAIN
Stephen Zerbe

TO: Mr. Jeffrey Cutler
FR: Chief John Bowman
SUBJ: Police Report 1512008899
Date: February 2, 2016

Dear Mr. Cutler,

In response to your letter dated February 2, 2016, we have added an additional code to original event
for Ethnic Intimidation which is the Pennsylvania State for a hate crime.

Best,

John Bowman
Chief of Police



A Pennsylvania Law Enforcement Accredited Agency

Exhibit E Page   2   of   2

**THE FEDERAL LAW ENFORCEMENT AND SECURITY ARM OF THE U.S. POSTAL SERVICE**
**U.S. POSTAL INSPECTION SERVICE**

**Mail Fraud Complaint**

**Your Information**

Company Name:
* First Name        Jeffrey                          * Last Name    Cutler
* Address           P.O. Box 26
* City              East Petersburg
* State             Pennsylvania
* ZIP Code:         17520-0026
* Country           UNITED STATES
Cell Phone          (717) 854-4718                   Work Phone:    (215) 872-5715
Home Phone          (717) 390-9321                   Fax
Email Address:      eltaxcollector@gmail.com
Age Range           55-64

**Complaint Filed Against**

Company Name        Lancaster County Courts
First Name          Margaret                         Last Name    Miller
Address             50 North Duke Street
City:               LANCASTER
State:              Pennsylvania
ZIP Code            17503
Country             UNITED STATES
Cell Phone.                                          Work Phone:    (717) 299-8000
Home Phone:                                          Fax
Email Address
Website Address

**How Were You Contacted?**

How were you contacted?                              US Mail
On what date were you contacted?                     03/18/2017
Do you have the envelope it was mailed in?           ○ Yes  ⦿ No

**How Did You Respond to This Offer?**

How did you respond to this offer?                   Other
Other                                                FED LAWSUIT 2:17-cv-00984
Response Mailed to a Different Address               ○ Yes  ⦿ No
Do you have a mailing receipt                        ○ Yes  ⦿ No

What did you receive?                                COURT ORDER TO STEAL MY MAIL

How did it differ from what you expected?

How much did the company ask you to pay ($)? 911,000 00
Do you have the item?                                ○ Yes  ⦿ No
How was it delivered?                                US Mail
Did you contact the company                          ⦿ Yes  ○ No
or person about the complaint?
Date Last Contacted Company or Person:

**Did You Lose Money?**

Lose Money:                                          ⦿ Yes  ○ No
Payment Type                                         Other Payment Method
Payment Type Other:                                  DIRECT BANK TRANSFER
Payment Amount($)                                    911,000 00
Payment Date                                         03/30/2017

**Type of Mail Fraud Complaint**

Scheme Category:                                     Employment
Scheme Type                                          Work at Home

**Additional Information**

                                                     Redirection of Mail, Theft of Mail, Conspiracy, 18 U.S. Code
                                                     § 1708, 18 U.S. Code § 1344 - Bank fraud 18 U.S. Code §
                                                     1349 WITH CONSPIRACY BY Susan Peipher, Ralph
                                                     Hutchinson, Christina Hausner, Brian Hurter, Amber Green
                                                     Martin

* Required Fields                                    [ Submit ]



ACCESSIBILITY | FREEDOM OF INFORMATION ACT | PRIVACY POLICY | U.S. POSTAL SERVICE | 1-877-876-2455

Mail Fraud Complaint form submitted successfully.    **31MAR2017 4:34 AM**
Thank you for completing the form.                   **Reference number is C#1828618   O6APR2017**

The information you provided will be entered into our national complaint system.

The U.S. Postal Inspection Service gathers data on mail-related crime to determine whether a violation has occurred.
While we can't guarantee that we can recover lost money or items, your information can help alert inspectors to problem
areas and possibly prevent other people from being victimized. U.S. Postal Inspectors base their investigations on the
number, substance, and pattern of complaints received from the public.

We ask you to keep all original documents related to your complaint. We will contact you ONLY if more information is
needed.

 

ACCESSIBILITY | FREEDOM OF INFORMATION ACT | PRIVACY POLICY | U.S. POSTAL SERVICE | 1-877-876-2455

532 - 138 - NoMC

# Fulton Bank

LISTENING IS JUST THE BEGINNING.®

P.O. Box 4887
Lancaster, PA 17604

fultonbank.com

Page 1 of 2

Statement Date: 05/01/17 through 05/31/17

Primary Account: ▮▮▮▮▮▮▮

**Temp-Return Service Requested**

For information regarding your account,
please call customer service at 800.FULTON.4.

## Account Statement

006969 0.4500 AV 0.373        TR00027
JEFFREY CUTLER
PO BOX 2806
YORK PA 17405-2806

FULT

---

## STATE AND MUNICIPAL CHECKING                                    Account XXXX8603

| Prior Statement Balance | Total Deposits/Credits | Total Checks/Debits | Ending Balance |
|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 |

### Account Activity

| Date | Description | Deposits/Credits | Checks/Debits | Balance |
|---|---|---|---|---|
| 04/30 | ENDING BALANCE FROM PRIOR STATEMENT | | | 0.00 |
| | No Activity During This Statement Cycle | | | |
| 05/31 | ENDING BALANCE | | | 0.00 |

### Interest Earned Information                                 05/01/17 through 05/31/17

| | | | |
|---|---|---|---|
| Interest Paid This Year | 0.00 | Avg. Daily Collected Balance | 0.00 |
| ** Annual Percentage Yield Earned | 0.00% | Interest Earned | 0.00 |

### Service Fee Balance Information                             05/01/17 through 05/31/17

| | | | |
|---|---|---|---|
| Average Ledger Balance | 0.00 | Minimum Ledger Balance | 0.00 |
| Average Collected Balance | 0.00 | | |

### Service Fees

| | Total For This Period | Total Year-to-Date |
|---|---|---|
| Total Overdraft/OD Fees (Paid Items) | 0.00 | 0.00 |
| Total Non-Sufficient Funds/NSF Fees (Returned Items) | 0.00 | 0.00 |



## SECURITY BRIEF

# Be Careful Using QR Codes.

QR (Quick Response) Codes can direct your mobile device to a
malicious site. Be cautious if you receive a QR code via email.

---

Rev. 08.01.2016

Member FDIC.  Member of the Fulton Financial Family.

NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORM/

S04

FULT-001-006969-001-000-170602 006969
1740528060606

(717) 390-9921
(215) 872-5715
(717) 854-4718



**Tax Collector**
**East LampeterTownship**
2250 Old Philadelphia Pike
Lancaster, PA  17602

JUNE 20, 2017

JOSH SHAPIRO
Office of the Attorney General
Strawberry Square Harrisburg
Harrisburg,  PA   17120

### Re: PRIVATE CRIMINAL COMPLAINT –PERJURY, OBSTRUCTION OF JUSSTICE

Dear Josh;

Please consider the attached documents as a **PRIVATE CRIMINAL COMPLAINT**.
Brian Hurter, signed the attached verification on 07MAR2017, **ESSENTIALY CLAIMING I HAD FAILED TO TURN IN $ 90,000.00** and based on this **PERJURED TESTIMONY** I was ILLEGALLY REMOVED FROM OFFICE.  He testified under oath on 17MAR2017 that neither **he nor anyone in his staff ever audited** the records of the Lancaster County Treasurer.  Also the COMMONWEALTH COURT OFFICE has yet to record the 48 page **NOTICE OF APPEAL** I filed on 14JUN2017 and filed the first 3 pages in Federal Court on 15JUN2017.  Email eltaxcollector@gmail.com.

Sincerely,

Jeffrey Cutler
Tax Collector East Lampeter Township, Pennsylvania

Case 2:17-cr-00137-PD   Document 131   Filed 06/29/17   Page 20 of 40
Case 2:17-cr-00137-PD   Document 106   Filed 06/21/17   Page 16 of 80
Case 2:17-cv-00984-TON   Document 35   Filed 06/01/17   Page 24 of 60
Case 2:17-cv-00984-TON   Document 32-2   Filed 05/11/17   Page 59 of 59

## VERIFICATION

I verify that the statements made above are true and correct to the best of my knowledge, information and belief and I understand that the statements are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Date: March, 7, 2017                    Brian K. Hurter

PERJURY!!

CI - 15 - 05424
11 MAY 2017

Case 2:17-cr-00137-PD   Document 131   Filed 06/29/17   Page 21 of 40
Case 2:17-cr-00137-PD   Document 106   Filed 06/21/17   Page 37 of 80
Case 2:17-cv-00984-TON   Document 37   Filed 06/15/17   Page 20 of 63

(717) 390-9921
(215) 872-5715
(717) 854-4718



**Tax Collector**
**East Lampeter Township**
2250 Old Philadelphia Pike
Lancaster, PA 17602

JUNE 14, 2017

PROTHONOTARY COMMONWEALTH COURT

**Re: 451 CD 2017**

Dear PROTHONOTARY;

Based on the attached document received today, the attached NOTICE OF APPEAL was not sent with the official record sent 09JUN2017. If you have any questions call me at MY cell phone 717-854-4718 or email any questions to eltaxcollector@gmail.com.

Sincerely,

Jeffrey Cutler
Tax Collector East Lampeter Township, Pennsylvania

RECEIVED

JUN 22 2017

Civil Action #
16-4108

# In The Court of Common Pleas Of Lancaster County Criminal Division

Jamaal Harris (suī-jūris)

V.S.

Lancaster County Court or Common Pleas Commonwealth of Pennsylvania

Information #
0178 - 2013

CP-36-CR-0000178-2013

**FILED**

JUN 22 2017

KATE BARKMAN, Clerk
By_____Dep. Clerk

# Affidavit of Truth

# &

# Facts of Events

Case 2:17-cr-00137-PD   Document 131   Filed 06/29/17   Page 23 of 40
Case 2:17-cr-00137-PD   Document 106   Filed 06/21/17   Page 17 of 80
Case 2:17-cv-00984-TON   Document 7   Filed 03/27/17   Page 16 of 17

## MAKE HEALTCARE GREAT AGAIN - ADD THE FOLLOWING

Any Interstate United States company that provides Healthcare to it's employees (with at least 30% of the employees are enrolled) can offer the plan to it's customers as well as it suppliers. The constitution specifies congress can regulate interstate commerce, and this would reward US companies. This also solves the existing condition problem since all group plans must cover existing conditions. This would allow companies to offer up to 3 different health plans. If in an existing plan, no waiting period allowed, but also **NO REFUNDS** unless deceased. Companies can charge a per customer charge and a user charge to suppliers and customers, as well as set purchase limits of the minimum purchase (1 month, 3 month, 6 month, etc.). Any plan offered to the public must be registered at the Post Office listing the price, general fees, Insurance Company and State approval ID and conditions ( deductible, co pay, Max out of pocket, etc.) by a company employee representative with a US passport ID.   This turns the plan from a "**cost center**" to a "**profit center**".  The Post Office Registration helps the Post Office and takes plans out of the control of the IRS.  It also makes any fraud of Customers Mail Fraud.  The US passport ID identifies the person responsible as a legal person in the United States .

Any policy offered must be approved by a state Insurance board in a state the company has at least one location. All fees must be the same for all non-company employees or retirees. A company must agree that any plan offered to non-employees must add a 5% FEE to the client's primary doctor and choice hospital (split as a 3% to the doctor and to 2% to the hospital). In the event the primary patient does not visit the doctor once every 18 months this fee would be paid to United States government. This is the one of 2 taxes/fees associated with this plan. It is used to make sure the patient sees the doctor every 18 months and solicit doctor and hospital support and "buy" into the plan.
A CADILAC TAX CREDIT for any vehicle used to provide House-Call visits by doctors or staff. It is used to get more doctors to the poor.

A health savings account can be added independently to any account which is
also tied to a credit type card. When the balance in the Health savings account exceeds 5 times the Maximum out of Pocket of the insured , it may be rolled over to and IRA account. A $ 1.00 swipe FEE would apply to any transaction that used the account for payment. This is the one of 2 taxes associated with this plan. It is used to help pay Medicaid expenses. Anyone could pay the Post Office for the insurance for an EXTRA FEE OF THE SAME AS PRIORITY MAIL.

The main feature of OBAMACARE to keep is making HEALTHCARE more of a commodity just like PRIME and CHOICE BEEF. Set minimum standards of what each type of plan has as features. Platinum, Gold, Silver, Copper, Tin, etc. A GOLD plan and above must ALLOW children to be combined on the PLAN NO MATTER HOW OLD THE CHILD. Any other insurance product does not discriminate against people because of Age. A **Tin** plan based on level would be required to pay average **Usual and Customary Fees** for medical services in at least **10 %** of the states in the United States. A Copper plan **30%** , a **Silver** plan **50%**, a **Gold** plan **70%**, a **Platinum** plan **90%**.

Elimination of MEDICAID, and just have MEDICARE. One set of rules and payments and management!
Add hashtag or slash for different groups

This plan would put 85% of the people in group plans offered by US companies instead of the elimination of ALL group plans.

Case 2:17-cr-00137-PD    Document 131    Filed 06/29/17    Page 24 of 40
Case 2:17-cr-00137-PD    Document 106    Filed 06/21/17    Page 40 of 80
Case 2:17-cv-00984-TON    Document 37    Filed 06/15/17    Page 23 of 63

No. 15-632 [14-5183]

# In the Supreme Court of the United States

JEFFREY CUTLER,

*Petitioner,*

v.

UNITED STATES DEPARTMENT OF HEALTH
AND HUMAN SERVICES, *et al.,*

*Respondents.*

*On Petition for Writ of Certiorari to the United States
Court of Appeals for the District of Columbia Circuit*

## PETITION FOR WRIT OF CERTIORARI

ROBERT JOSEPH MUISE
  *Counsel of Record*
American Freedom Law Center
P.O. Box 131098
Ann Arbor, MI 48113
(734) 635-3756
rmuise@americanfreedomlawcenter.org

DAVID YERUSHALMI
American Freedom Law Center
1901 Pennsylvania Ave. N.W. Suite 201
Washington, D.C. 20006
(646) 262-0500
dyerushalmi@americanfreedomlawcenter.org

*Counsel for Petitioner*

Becker Gallagher · Cincinnati, OH · Washington, D.C. · 800.890.5001

### PETITION FOR WRIT OF CERTIORARI

#### OPINIONS BELOW

The opinion of the court of appeals appears at App. 1 and is reported at 2015 U.S. App. LEXIS 14268. The opinion of the district court appears at App. 23 and is reported at 52 F. Supp. 3d 27.

#### JURISDICTION

The opinion of the court of appeals was entered on August 14, 2015. App. 1. The jurisdiction of this Court is invoked under 28 U.S.C. § 1254(1).

#### CONSTITUTIONAL PROVISIONS INVOLVED

The Establishment Clause of the First Amendment provides, "Congress shall make no law respecting an establishment of religion." U.S. Const. amend. I.

The Fifth Amendment provides, in relevant part, "No person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V.

# Affidavit Of Truth
# &
# Facts Of Events

I the Affiant, Declerant, & aggrieved party have been incarcerated under Lancaster County Court of Common Pleas since Nov 16 2012. During this time up to date June 2017, I have been a victim of extreme prejudice, conspiracy, ineffective counsel, perjury, misrepresentation, odium spoliatoris, injustice, manipulation, extrinsic fraud, intrisic fraud, fradulent practices, poor ethics, & poor professional conduct by a tyrant rogue court system & witnesses guilty of mediocrity. I the aggrieved party feel pressured into taking a deal when I'm not guilty because I believe I can't get a fair trial due to corruption & the simple fact the law is not on my side. I sui-juris, natural born setenant feel like I'm operating in a realm outside the organic U.S. Constitution where there is no due process of law. Is this a Kangaroo Court? No!!! Then why do I feel there is no due process of law. I have a right to face my accusser and not be a subject to the fruit of a poisonus tree and lack of equity. I the aggrieved party, have had my constitutonal rights violated & been deprived of life & liberty. (Under Principles of Pennsylvania title 13 all rights reserved under UCC 1-308)

The witness Kevin Gray gave multiple conflicting stories. He is lying about almost everything. He is purposely hiding the truth to change the outcome of events. He even lied to police & admitted he lied to them. Yet, they believe he is telling the truth and using him as a credible witness. Which makes me believe him & the rogue police department are conspiring against me & manipulating the courts. They are probaly making him possible promises of leniency in the future which could make him bias (See Com vs Evans). This would make the witness & Police department co-conspirators

① On the affadavit of probable cause Kevin Gray stated that he saw Dennis McFadden get struck in the back. Then at the preliminary hearing he said he got struck in the elbow.

② On the affadavit he said I just walked up & started shooting. On the direct at the Pre-liminary he said I walk up & started shooting. Then on the cross at the preliminanary he said I didn't just walk up & started shooting but I tried to shake his hand (a sign of peace)

③ At the pre liminary he said he didn't know who I was but on the interview on Dec 17th he admitted he k___ ___ I was ___ that Dennis McFadden used vulgar language

to describe his feelings for me. He also admitted he knew Dennis McFadden shot me at the gulf. So, he knew who I was but lied about it.

) On interviews on Nov 16th Gray said he never touched the body or touched the guns. Then on Dec 17th He admitted about touching one of the guns and getting rid of it because he was scared of getting in trouble. Another witness named KAT said she seen him take other Items off of Dennis McFadden & he could of took his gun. But due to the delay of this case, that witness cant be found. That witness could of help me & because of the delay I suffered from prejudice violation of the 6th Amendment.

Kevin Gray lied about having a gun & getting rid of it because it was his. He is guilty of crimen falsi ioult one fault all. He gave False statements to the police violation of 4904 Falsification to authorities, whenever a witness takes a stand his testimony could be impeached by showing prior convictions of felonies or misdemeanors in nature of crimen falsi crimes that show dishonesty or False statements

When I Brung these things to the attention of my Public Defender Andrew Spade, he didn't believe me until 4 yrs later. He admitted he was wrong, but

For example! IF you say your depressed, stress out, or hopeless they will put you on suicide watch. To me being in jail is depressing, exspecially when your innocent & Its been almost 5 yrs, before you can prove your innocense. Dr. Gotleib ask me if I was hearing voices & I told him no!!!, Only voices I hear are from real people. Dr. Gotleib turn around and said I was suicidal & hearing voices & incompetent to stand trial. The next thing I know I was court ordered to go to Norristown State Hospital. I waited a year for a bed & stayed at Norristown For 8 months. I came back Oct 2015 thats nearly 3 yrs since I been incarcerated. Mr. Spade Found out I was back & then came to see me, I insisted I was innocent, competent, & ready to go to trial, to ask me the same question I gave the same answers. When I didn't go along with what he said, He tried to send me back to Norristown. Dr. Gotleib came to see me & ask the same questions & I gave him the same answers. He ask me if I would be able to assist in my defense I told him yes AGAIN!!! but my Public Defender does not listen to me. Then I made the suggestion to him maybe my Public Defender is incompetent to assist me, the Dr. Gotleib sent Ms. Spotts & Mr. Blanc to see me on his behalf to see if it was me or Mr. Spade that was the problem. I talk to Ms. Spotts & Mr. Blanc they left & Next thing I know Dr. Gotleib said I was competent. So I guess the Figure Mr. Spade was the problem.

Next thing I know Mr. Spade withdrew & Ms. Spotts entered. So the whole time they said I was incompetent it was my Public Defender Andrew Spade incompetent to assist me, So the whole delay was unnecessary violation of rule 48 & Key witnesses were lost violation of the 6th Amendment. I filed several motion & a habeas corpus. My new Public Defender Mrs. Spotts Filed a rule 600 motion. We raised some different issues & some the same. However it was Denied by Judge Miller on the grounds that I'm incompetent & I was incompetent majority of the time. But as I explained earlier It was not me but my old Public Defender Andrew Spade was incompetent to assist me. How can I participate in criminal proceeding (rule 600 hearing) & have several court dates scheduled, while incompetent? If I don't understand I can't participate

## Violations

The witness Kevin Gray is guilty of Perjury (18.PA, C.S.A, 4902) Although he is lying in his fabricated story he did not give his whole side during the direct, that he gave on the cross at the preliminary hearing. He is guilty of (4904 Falsification to authorities) lying to the police & admitted he lied. He also changed details several times & should not be a credible witness (Com vs. Burton) He is guilty of false statements (18 U.S.C.A 61001) He is guilty of conspiracy (18, PA, C.S.A, §903) conspiring with police to manipulate the courts. Witness may also be impeached by showing prior convictions only if crime involved dishonesty, or false statements, burglary is such crime (com vs Gray)

## Certificate of Service

I certify that I have served a true & correct copy of
the attached, affadavit of Truth & Facts of events upon:

Office of the District Attorney (Susan Mayer)
50 North Duke street   P.O. Box  83480
Lancaster, PA  17608 -3480

Office of the Public Defender (Ms. Spotts & DR. BLANC
150 North Queen street   Suite #210
Lancaster, PA   17603

Court of Common PLeas  Office of Clerk of Courts (Honorabl
                                                          Judge
                                                          Miller
50  North Duke Street  P.O. Box  83480
Lancaster, PA  17608 - 3480

Court of Common Pleas  Office of Clerk of Courts
50  North Duke Street  P.O. Box  83480
Lancaster, PA  17608 - 3480

Office  of the Clerk   United States District Court (Honorable
                                                       Elizabeth T
                                                       Hey
Philadelphia, PA  19106-9865

All Rights reserved  Jamaal Harr
under UCC 1-308
Jamaal Harris
Sui - Juris

Lancaster County Prison
625 E King street
Lancaster, PA  17602

Name Jamaal Harris
Number 12-5552
Lancaster County Prison
Drawer C
625 East King Street
Lancaster, PA 17602-3199



Honorable Elizabeth T. Hey

Office of the Clerk
United States District Court
Philadelphia, PA. 19106

U.S.M.S
X-RAY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMAL HARRIS,

        *Petitioner,*

    v.

CHERYL STEBERGER,[1] *et al.,*

        *Respondents.*

CIVIL ACTION
NO. 16-4108

**PAPPERT, J.**                             **June 22, 2017**

## MEMORANDUM

Jamal Harris filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Upon consideration of the record, Magistrate Judge Elizabeth T. Hey's Report and Recommendation ("R & R"), and Harris's objections thereto, the Court adopts the R & R and denies Harris's petition.

### I.

On November 16, 2012, Harris was charged with criminal homicide in relation to the November 14, 2012 shooting death of Dennis McFadden, Jr. in Lancaster, Pennsylvania.  (Crim. Compl., ECF No. 5-1, Ex. A.)  He was denied bail on November 19, 2012 and has remained in the Lancaster County Prison since that time.  Docket, *Harris v. Commonwealth*, No. CP-36-CR-0000178-2013; *see also* ("Docket Sheet," Nov. 19, 2012 entry, ECF No. 5-1, Ex. D).  The criminal information was filed on January 29, 2013 and Andrew Spade, Esq. entered his appearance to represent Harris on March 12,

---

[1]      In his petition, Harris names the "Commonwealth of Pennsylvania in the Court of Common Pleas of Lancaster County PA" as the respondent.  Harris is currently incarcerated at the Lancaster County Prison.  Cheryl Steberger is the warden of the facility and is properly named as the respondent. *See* Rule 2(a) of the Rules Governing Section 2254 Cases (requiring the state officer with current custody to be named as the respondent).

2013. (Crim. Information, ECF No. 5-1, Ex. B.) Spade then filed several motions for

continuance, including one asserting that Harris may be incompetent to stand trial and

requesting a medical evaluation. (*Id.*) Harris was evaluated by Dr. Gotleib.[2] (Pet.'s

Objections, at 2–4, ECF No. 9.) On January 13, 2014, Judge Madenspacher held a

competency hearing, found Harris incompetent and ordered him committed for 90 days

in a state hospital for mental health treatment. *See* (Docket Sheet, Mar. 19, 2013, Oct.

25, 2013, Mar. 9, 2016 entries). Harris contends he remained in the hospital for eight

months. (Pet.'s Objections, at 4.) He claims he returned from the hospital and was

found competent in October 2015. (*Id.*) At some point during this hiatus, Harris's case

was reassigned to Judge Miller. (Docket Sheet, Jan. 13, 2014, Dec. 18, 2015 entries).

On December 18, 2015, Judge Miller ordered Harris's trial to begin the week of April 4,

2016.

      Harris contends that though he was found competent in October 2015, his

attorney continued to try to have him declared incompetent (against his will). (Pet.'s

Objections, at 4–5.) Harris claims Spade arranged for him to be re-evaluated by Dr.

Gotleib. (*Id.* at 5.) On February 11, 2016, Harris began filing a series of *pro se* motions

asserting violation of his speedy trial rights under Pennsylvania Rule of Criminal

Procedure 600[3] and seeking suppression of evidence. (Docket Sheet, Feb. 11, 2016, Feb.

16, 2016, Feb. 29, 2016 entries). When Harris met with Dr. Gotleib, Harris told him

that he was competent and believed that Spade, rather than he, was the problem.

---

[2]     Harris refers to "Dr. Gotleib" several times throughout his objections but never provides the
doctor's first name. *See* (Pet.'s Objections, at 2–4).

[3]     Rule 600, entitled "Prompt Trial," sets trial deadlines in criminal cases. *See* PA. R. CRIM. P.
600.

(Pet.'s Objections, at 5.) Harris contends he was then found competent and given a new defense attorney. (*Id.*)

On June 3, 2016, Spade was replaced by Patricia Spotts, Esq. (Docket Sheet, June 3, 2016 entry). However, on September 2, 2016, Harris again filed a *pro se* motion alleging violation of his speedy trial rights under Rule 600. (Docket Sheet, Sept. 2, 2016 entry). Judge Miller held a scheduling conference on November 10, 2016 and set trial for March 16, 2017. (Nov. 17 Order, ECF No. 5-1, Ex. F.) In the order, Judge Miller permitted the defense to file a Rule 600 motion no later than December 5, 2016. (*Id.*) Spotts filed a motion to dismiss on December 5, 2016. (Docket Sheet, Dec. 5, 2016 entry.) Although a recent review of the state court docket reveals that the trial has not yet taken place, Judge Miller issued an order on May 26, 2017 setting a trial date, though the date itself is not discernible from the docket. *See* Docket, *Harris v. Commonwealth*, No. CP-36-CR-0000178-2013.

On July 15, 2016, Harris filed this petition for habeas corpus alleging that he was not brought to trial within 365 days as required by Rule 600 and that his prior attorney requested continuances and waived the requirements of Rule 600 without his permission. (Pet., ECF No. 1.) He also contends his prior attorney's actions— requesting continuances and failing to present a Rule 600 motion—and the resulting delays in going to trial violate his due process rights under the Fifth and Fourteenth Amendments and his right to a speedy trial under the Sixth Amendment. (*Id.* at 7.) On December 7, 2016, the District Attorney filed an answer, arguing that Harris's Rule 600 claim is not cognizable in habeas corpus and, in any event, is unexhausted. (Gov.'s Answer, ECF No. 5.)

3

In her R & R, Judge Hey first noted that to the extent Harris's speedy trial claims are premised on alleged violations of state procedural rights accorded under Rule 600 of the Pennsylvania Rules of Criminal Procedure, the claim is not cognizable under habeas corpus. (R & R, at 4, ECF No. 8) (citing *Walker v. Kerestes*, No. 13-15, 2013 WL 6667776, at *9 (E.D. Pa. Dec. 18, 2013) (Rule 600 claim not cognizable); *Junious v. City of Philadelphia*, No. 13-1201, 2013 WL 2156029, at *1 (E.D. Pa. May 20, 2013); *Wells v. Petsock*, 941 F.2d 253, 254 (3d Cir. 1991) ("Pennsylvania's 180-day rule does not define the contours of the federal constitutional right to a speedy trial")).

Judge Hey then construed Harris's petition broadly to allege violations of his constitutional rights to due process and a speedy trial stemming from the same delays which he alleges violate Rule 600 and the ineffectiveness of counsel for seeking continuances and failing to present a Rule 600 motion. (R & R, at 4.) Even construing Harris's petition as premised on constitutional violations, however, Judge Hey found that the claims are unexhausted because Harris has not presented the constitutional claims to the Pennsylvania Superior Court. (*Id.* at 4–6.) She further found that though an exception to the exhaustion requirement exists where "inordinate delay by the state in processing claims for relief . . . render[s] the state remedy effectively unavailable," the delay experienced by Harris is not sufficient to warrant applying the exception. (*Id.* at 6–8) (quoting *Wojtczak v. Fulcomer*, 800 F.2d 353, 354 (3d Cir. 1986)).

## II.

The Court reviews *de novo* those portions of an R & R to which a petitioner objects. *See* 28 U.S.C. § 636(b)(1); *see also Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 250 (3d Cir. 1998). The Court "may accept, reject, or modify, in whole or

4

in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.
§ 636(b)(1)(C). Here, however, Harris's objections do not respond to the R & R or
address the requirement that Harris exhaust his claims in state court. They instead
reiterate Harris's disagreements with his prior attorney's actions and his
dissatisfaction with the resulting delays. (Pet.'s Objections, at 1–10.) Though the
Court "is not required to review general objections," *Drew v. Wetzel*, No. 15-2725, 2017
WL 1326141, at *2 (E.D. Pa. Apr. 11, 2017), it nevertheless reviews the R & R *de novo*
and finds that Judge Hey's recommendation is correct.

## A.

As an initial matter, to the extent Harris's petition is premised solely on
violations of procedural rights accorded him under Rule 600 of the Pennsylvania Rules
of Criminal Procedure, the claim is not cognizable under habeas corpus. *See Walker*,
No. 13-15, 2013 WL 6667776, at *9–11. The Court, however, agrees with Judge Hey
that this does not conclude the matter because, construing his petition liberally, Harris
also alleges violations of his constitutional rights under the Fifth, Sixth and Fourteenth
amendments.

## B.

Absent unusual circumstances, federal courts will not consider the merits of a
habeas corpus petition unless the petitioner has complied with the exhaustion
requirement of 28 U.S.C. § 2254(b)(1)(A). Petitions filed under § 2241 must meet the
statutory exhaustion requirement of § 2254. *See Moore v. DeYoung*, 515 F.2d 437, 442
(3d Cir. 1975) ("although there is a distinction in the statutory language of §§ 2254 and
2241, there is no distinction insofar as the exhaustion requirement is concerned").

5

Exhaustion requires that the petitioner provide the state courts with an opportunity to

review allegations of error before seeking relief in the federal court. *Baldwin v. Reese*,

541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). State courts

must have "one full opportunity to resolve any constitutional issues by invoking one

complete round of the State's established appellate review process." *Sullivan v.

Boerckel*, 526 U.S. 838, 845 (1999). In order to comply with the exhaustion

requirement, Harris must have presented his claims to both the trial court and the

Pennsylvania Superior Court. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir.

2004) (review by Pennsylvania Supreme Court not necessary for exhaustion, Superior

Court review is sufficient).

   Though Harris has not yet exhausted his claims in state court, he has the

opportunity to do so now. He filed several pre-trial motions in state court and in

December 2016, his newly appointed counsel filed a motion to dismiss the charges,

presumably based on Rule 600. According to Judge Miller's order, the court planned to

hold a hearing on the Rule 600 motion prior to the commencement of trial on March 20,

2017. (Nov. 17 Order.) It is unclear whether Harris's *pro se* and counseled motions

have also raised the constitutional claims he asserts here, it is clear that the Superior

Court has not yet been given any opportunity to consider Harris's constitutional claims.

The claims are thus unexhausted.

## C.

   An exception to the exhaustion requirement exists if "inordinate delay by the

state in processing claims for relief . . . render[s] the state remedy effectively

unavailable." *Wojtczak*, 800 F.2d at 354 (thirty-three-month delay between PCRA

6

filing and habeas petition was inordinate); *Lee v. Stickman*, 357 F.3d 338, 343 (3d Cir. 2004) (eight-year delay in resolution of PCRA petition was inordinate). Courts consider the degree of progress made by state courts in determining whether delays rise to the level of inordinate delay. *Lee*, 357 F.3d at 342; *see also Cristin*, 281 F.3d at 411 (twenty-seven-month delay not inordinate when court held hearings and ruled on petition and noting that the delay in *Wojtczak* was inordinate because only marginal progress had been made during pendency of case in state court).

The Third Circuit has "instructed district courts to stay their consideration of habeas petitions when previously stalled state proceedings resume." *Cristin*, 281 F.3d at 411 (citing *Walker v. Vaughn*, 53 F.3d 609, 615 (3d Cir. 1995) ("As a matter of general practice, we assume that a district court which has excused exhaustion but has not yet embarked upon proceedings of substance will stay its hand once there is reliable evidence that the state action has been reactivated.")).

At the time Judge Hey filed her R & R, Harris had been waiting nearly 50 months for trial since his arrest in November 2012. However, at no time before February 2016 did Harris or his counsel file a motion regarding the alleged constitutional violations or otherwise seek relief on account of the delay. The state court therefore had no "claims for relief" before it to process and thus cannot be said to have delayed in doing so. *Cf. Wojtczak*, 800 F.2d at 354 (An exception to the exhaustion requirement exists if "inordinate delay by the state in processing claims for relief . . . render[s] the state remedy effectively unavailable.").

Moreover, to the extent there was delay in this case, much of it is attributable to the defense and to Harris's extended stay in the hospital. *See Singleton v. Wynder*, 485

7

F. Supp. 2d 602, 606 (E.D. Pa. 2007) (holding nineteen-month delay was "far from inexcusable" where several of the continuances were attributable to petitioner or his counsel). As previously discussed, the defense filed numerous requests for continuances with the court. The court also sought a competency evaluation and ordered Harris committed for ninety days for mental health treatment, which, according to Harris, ultimately resulted in an eight-month hospital stay. Even after Harris returned, his prior defense counsel continued to try to have him declared incompetent and advocated for additional evaluation.

In any event, the state court case is now active and appears to be proceeding normally. Once Spotts entered her appearance in June 2016, the state court held a scheduling conference, set a date for the Rule 600 motion, set a trial date and indicated that further delay would not be tolerated absent good cause. *See* (Nov. 17 Order). Because the state court proceedings are ongoing and the state court has the opportunity to address any pending or future motions, it is appropriate for this Court to practice restraint and allow the state court the first opportunity to address Harris's constitutional challenges to his prior counsel's actions and the resulting delays. *See Cristin*, 281 F.3d at 410 ("[T]he States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights."); *Singleton*, 485 F. Supp. 2d at 607 ("To the extent that there was some delay, the delay is seemingly over, and the matter 'now appears to be proceeding normally.' (quoting *Burkett v. Cunningham*, 826 F.2d 1208, 1218 (3d Cir. 1987))); *Williams v. Vaughn*, No. 95-7977, 2002 WL 31375721, at *3–4 (E.D. Pa. Oct. 18, 2002) (forty-one-month delay did not warrant excusing

8

exhaustion where state court was processing case by holding hearings and oral

argument).

### III.

On December 23, 2016, Jeffrey Cutler, who is not a party to this action, filed a

"Motion to Combine Cases and [for] Summary Judgment." (ECF No. 6.)  This Motion

has no relevance to Harris's habeas case.  In his Motion, Cutler lists a litany of

grievances or disagreements with Judge Miller of Lancaster County, the real estate tax

system in Pennsylvania, the voting machines utilized in the Commonwealth,

identification requirements for voters and a challenge to a completely unrelated murder

conviction.  Cutler filed an Addendum to the Motion on January 5, 2017, in which he

restates these allegations and further challenges the failure of the Lancaster County

Courts to file a document he sent to that court on December 16, 2016.  (ECF No. 7, at

1.)  Because the Motion and Addendum have no place in Harris's habeas challenge,

Cutler's Motion is denied and he will be removed from this docket.

### IV.

For the reasons above, the Court adopts the R & R in its entirety, overrules

Harris's objections and denies and dismisses Harris's petition without prejudice to his

right to refile once he has exhausted his claims in state court.


BY THE COURT:


*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.


9