**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 17-137** |
| | : | |
| **V.** | : | |
| | : | |
| **RUFUS SETH WILLIAMS** | | |

**DEFENDANT'S SENTENCING MEMORANDUM**

Defendant, Rufus Seth Williams ("Williams"), by and through his undersigned counsel, Thomas Burke, Esquire and Trevan Borum, Esquire, hereby submits this memorandum in mitigation of his sentence in this matter.

## I.     Facts

On June 29, 2017, Williams pled guilty to Count 1 (Travel Act Violation) of the indictment. That plea was pursuant to a written plea agreement with the government. The underlying facts in the instant case were summarized at both the change of plea hearing and in the Presentence Investigation Report ("PSI") in paragraphs sixteen (16) through forty-five (45).  Williams stipulated to the relevant conduct of the withdrawn charges.

## II.    Determining an appropriate sentence for Williams

### A.    Introduction

The post- *Booker* sentencing methodology is well-known and understood.  Pursuant to the Third Circuit's ruling in *United States v. Gunter*, at sentencing, district courts should (i) conduct a sentencing guidelines analysis; (ii) formally rule on the motions of both parties,

including requests for downward departures; (iii) exercise the sentencing court's discretion by considering the relevant section §3553 factors to impose an appropriate sentence regardless of whether it varies from the sentence calculated under the guidelines. 462 F.3d 237, 247 (3d Cir. 2006) (citations omitted).

**B.   Sentencing Guideline Calculation for Mr. Mason**

1.   Offense Level Computation

The defense agrees with the Probation Department's calculation that the Total Offense Level calculation for Williams is a twenty-four (24).

2.   Criminal Offense Category Calculation

The defense agrees with the Probation Department's calculation that the appropriate Criminal Category Calculation is a one (I).

3.   Guideline Range

Pursuant to the U.S.S.G. Chapter 5, Part A, based upon a total offense level of twenty-four (24) and a criminal history category of one (I), the guideline range for imprisonment is fifty-one months (51) to sixty-three months (63).

**III.   Considerations pursuant to 18 U.S.C. Section 3553 (a) factors**

Section 3553 (a) (2) identifies the additional specific sentencing needs the Court must address to ensure that every sentence reflects the seriousness of the underlying offense, promotes respect for the law, affords adequate deterrence, and protection of the community, provides educational or vocational training, or other correctional treatment in the most effective manner.  The following factors must be considered when determining

2

what type of sentence is required, but not greater than necessary to satisfy the purposes of sentencing:

> The nature and circumstances of the offense and history and characteristics of the defendant

Williams in no way seeks to minimize the nature and circumstances of his crimes.  As a career law enforcement office, Williams is acutely aware of his misconduct and the public shame he has brought upon himself, his family and the Philadelphia District Attorney's Office.  In imposing a sentence that meets the Section 3553(a) factors, the defense requests the court to consider also the history and characteristics of the defendant R. Seth Williams.  Williams was raised in an intact and loving family is the Cobbs Creek section of Philadelphia, after being adopted by his mother and father, Rufus and Imelda Williams.  He has no siblings.  After graduating from Central High School, Williams was awarded a prestigious acceptance at West Point.  After one year at West Point, Williams transferred to Penn State University where he graduated in 1989.  While at Penn State, Williams was President of the Undergraduate Student Government.  After law school at Georgetown University, Williams began his life in public service in the District Attorney's Office as an assistant District Attorney in 1992.  He enlisted in the Army Reserves in 1998 and served in the judge advocates general until 2015, where he transferred to the Pennsylvania National Guard.  He attained the rank of major.  He served as an assistant district attorney until 2008.  Thereafter, he worked in private practice and as the Inspector General of the City of Philadelphia.

Although divorced, Williams is still very close to his ex-wife Sonita Williams.  They are parents to two teenage daughters, Taylor and Hope.  Williams also adopted and raised Sonita Williams' daughter Alyssia, and is grandfather to her daughter.

3

Although this conviction stems from his time as District Attorney, the defense requests that the Court consider many of the positive accomplishments Williams achieved as District Attorney.  Williams implemented the community based prosecution system in the Philadelphia District Attorney's Office, which assigned a team of prosecutors to different areas of the City. This enabled prosecutors and police to better know each other and work jointly on crime prevention and prosecution.  This also enabled prosecutors to better learn about crime patterns in the neighborhood to which they were assigned.  Prior to Williams' election, preliminary hearings were conducted in the various police districts throughout the city.  This caused many police officers to be spread throughout the city resulting in their inability to appear at other hearing when they had multiple court listings. Williams had the preliminary hearings transferred from the various police districts into the Criminal Justice Center.  This drastically reduced the number of cases that were discharged at the preliminary hearing stages.

Williams also implementer many diversion programs for low level offenders thereby affording these defendants an opportunity to repay their debt and atone for their small crimes, but maintain a clean criminal record.  Programs implemented by Williams include the Accelerated Misdemeanor Program (AMPI and AMPII), the Small amount of Marijuana Program (SAM) and the Future Forward Program which allowed low level, non-violent offenders an opportunity to avoid incarceration by providing them with educational opportunities.

In addition to the accomplishments while at the District Attorney's office, the defense asks the Court to consider the ancillary penalties and punishments that Williams has or will suffer as a result of his conviction.  Aside from the public shame this conviction has brought on himself and his family, Williams law license will be suspended resulting in limited job opportunities within his chosen profession after his release.  This aside from the fact that he will

4

now and forever be a convicted felon.  As a result of this conviction, Williams has also forfeited his sizable pension with the City, accrued over almost twenty years of service.  Upon his release, Williams will be forced to save considerable amounts of money in a relatively short period of time to sustain himself the rest of his life.  Also, Williams expects to be discharged from the service on less than honorable grounds.

.

## IV.    Conclusion

Seth Williams is acutely aware of his misdeeds and the embarrassment this conviction has brought upon his family and the District Attorney's Office.  Williams is aware of the sentencing guideline range.  The defense asks this Court to consider not only the crime for which he was convicted, but also Williams' entire life history in formulating an appropriate.  The defense also makes this one final request upon the Court.  Since his conviction, the defendant has been housed in the Special Housing Unit of the FDC.  As the Court is aware, the defendant's mother is 87 years old and in ill health.  She has not been able to see her son since his detention.  The defense requests that whatever sentenced the Court imposes, the Court release Williams on electronic monitoring pending his classification by the Bureau of Prisons so that he can see his mother in the event that she passes while he is incarcerated.  This will also enable Williams to get his affairs in order before reporting to whatever prison he is assigned. Similarly situated politicians recently convicted in Philadelphia were granted release after conviction and even sentencing before reporting to their designated prisons.  The defense has consulted with the government regarding this request, and they have no objection to the Court releasing Williams pending his classification.

5

Respectfully submitted,

/s/ **_Thomas F. Burke, Esquire_**

/s/ **_Trevan Borum, Esquire_**

Thomas F. Burke, Esquire

Trevan Borum, Esquire

7