# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | | |
| v. | **FILED** OCT 24 2017 KATE BARKMAN, Clerk By_____Dep. Clerk | Crim. No. 17-137 |
| RUFUS SETH WILLIAMS | | |

## ORDER

On June 29, 2017, Defendant Rufus Seth Williams entered a Guilty Plea Agreement with the United States, agreeing, *inter alia*, that Defendant would plead guilty to Count 1 of the Superseding Indictment, that he committed the crimes charged in counts 2 through 29, and that he would not "contest forfeiture as set forth in the notice of forfeiture charging criminal forfeiture under 18 U.S.C. § 981(a)(1)(C)." (Guilty Plea Agreement ¶¶ 1, 7, Doc. No. 125.) The Defendant further agrees that he "forfeits his right, title, and interest in the sum of $64,878.22, as charged in the notice of forfeiture in the Superseding Indictment, representing all property, real and personal, that constituted and was derived from proceeds traceable to the commission of all offenses charged in the Superseding Indictment, and agrees to the entry of a money judgment against him in this amount." (Id. at ¶ 9(a).) The same day, Defendant pled guilty to Count 1 of the Superseding Indictment. (Doc. No. 129.) On October 18, the Government filed a Motion for Order of Forfeiture. (Doc. No. 141.) Although Defendant has agreed to forfeit some $65,000, the Government now seeks the forfeiture of only $33,009.00 for Defendant's violations of 18 U.S.C. § 1952, pursuant to 18 U.S.C. § 981(a)(1)(C), as well as substitute property to satisfy that judgment, pursuant to 21 U.S.C. § 853(p). I will grant the Motion in part.

Under 18 U.S.C. § 981(a)(1)(C), a defendant forfeits "[a]ny property, real or personal, which constitutes or derives from proceeds traceable to a violation of . . . any offense constituting 'specified unlawful activity,'" which includes "any act involving . . . bribery . . .

which is chargeable under State law and punishable by imprisonment for more than one year," and "any act which is indictable under . . . section 1952." 18 U.S.C. §1961; see also 18 U.S.C. §1956. $33,009.00 represents the amount attributable to Defendant's violations of section 1952, and so is subject to forfeiture.

> Under § 853(p), I may order the forfeiture of substitute property
> if . . . as a result of any act or omission of the defendant—
>
>   (A)   cannot be located upon the exercise of due diligence;
>
>   (B)   has been transferred or sold to, or deposited with, a third party;
>
>   (C)   has been placed beyond the jurisdiction of the court;
>
>   (D)   has been substantially diminished in value; or
>
>   (E)   has been commingled with other property which cannot be divided without difficulty.

21 U.S.C. § 853(p). The Government "avers, and represents that it could establish by a preponderance of the evidence, that due to [Defendant's] acts or omissions . . . [that] one or more of the conditions of 21 U.S.C. § 853(p) has been met." (Gov't's Mot. ¶ 5, Doc. No. 141.) The Government does not indicate what evidence it would produce or which subsection of § 853(p) it could satisfy. Accordingly, I will deny without prejudice the Government's Motion to forfeit substitute property.

**AND NOW**, this 24th day of October, 2017, upon consideration of the Government's Motion for Order of Forfeiture (Doc. No. 141), it is hereby **ORDERED** that:

1. The Government's Motion (Doc No. 141) is **GRANTED in part**: a Preliminary Judgment in the amount of $ 33,009.00 is **ENTERED** against Defendant Rufus Seth Williams; and

2. The Government's request for forfeiture of substitute property is **DENIED without prejudice**.

                                           **AND IT IS SO ORDERED.**

                                           _____

                                           Paul S. Diamond, J.